Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

Brian K. Kelsey (*Pro Hac Vice*)
bkelsey@libertyjusticecenter.org
Reilly Stephens (*Pro Hac Vice*)
rstephens@libertyjusticecenter.org
James J. McQuaid (*Pro Hac Vice to be filed*)
jmcquaid@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702
*Attorneys for Plaintiff*
*Additional counsel listed on the next page*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaac Wolf,<br><br>          Plaintiff,<br><br>v.<br><br>University Professional & Technical Employees, Communications Workers of America Local 9119; Janet Napolitano, in her official capacity as President of the University of California; Joshua Golka, in his official capacity as Executive Director of the California Public Employment Relations Board; and Xavier Becerra, in his official capacity as Attorney General of California, | Case No. 3:19-cv-02881-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        August 22, 2019<br>Time:       11:00 A.M.<br>Courtroom:  19th Floor, Courtroom 12 |

Defendants.

Gilbert J. Tsai
Winston K. Hu
Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
415-777-3200
Fax: 415-541-9366
gtsai@hansonbridgett.com
whu@hansonbridgett.com
*Attorneys for Defendant Janet Napolitano*

Jerry T. Yen
Office of Attorney General
1300 I Street
Sacramento, CA 95814
916-210-7836
jerry.yen@doj.ca.gov
*Attorney for Defendants Joshua Golka and Xavier Becerra*

Arthur Liou
Julia Lum
Danica Li
Leonard Carder, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
510-272-0169
Fax: 510-272-0174
aliou@leonardcarder.com
jlum@leonardcarder.com
dli@leonardcarder.com

*Attorneys for Defendant University Professional and Technical Employees*

Pursuant to the Court's order setting the Case Management Conference (Dkt. 10), Plaintiff Isaac Wolf, Defendants University Professional & Technical Employees, Communications Workers of America Local 9119 ("UPTE"), Janet Napolitano, Joshua Golka, and Xavier Becerra ("the parties") met and conferred on August 14, 2019 regarding the scheduled Case Management Conference set for August 22, 2019.

1. Jurisdiction and Service

This case is brought under 42 U.S.C. § 1983 for abridgement of First Amendment Rights. All defendants have been served. The parties agree that the Northern District of California is the proper venue for this claim, and that the Court has jurisdiction, except that Defendants dispute whether the Court has subject matter jurisdiction because Plaintiff's claims do not present a live controversy.

2. Facts

Isaac Wolf, a process engineer at the Lawrence Berkeley National Laboratory ("LBNL"), is an employee of the University of California ("UC"). First Amended Complaint ("FAC") at ¶ 5. He began working at LBNL in March 2018. *Id.* at ¶ 12.

Wolf's position is part of the Research Support Professional ("RX") bargaining unit at UC, and UPTE is the exclusive bargaining representative for this unit. UPTE and UC were parties to a collective bargaining agreement ("CBA") for the RX bargaining unit with a term of December 20, 2013 to October 31, 2017.

On April 10, 2018, Wolf signed a union membership authorization for the deduction of union dues, or an equivalent voluntary service fee, from his wages. UC deducted UPTE union dues from Wolf's paycheck and sent them to UPTE. FAC ¶¶ 13, 24. On November 2, 2018, Wolf emailed UPTE requesting to resign his membership and that UPTE cease deducting all dues from his wages. *See id*. at ¶ 15. According to Wolf, UPTE responded by letter informing him that he could cancel deductions only during his "annual cancellation period" prior to his renewal date. *See id*. at ¶ 17. Under the terms of Wolf's membership agreement, his 30-day cancellation window ran from January 25, 2019 through February 24, 2019. Wolf later contacted UPTE during his cancellation window, on January 30, 2019,

by emailing UPTE a letter resigning his membership and requesting that payroll deductions end. *Id.* at ¶ 20. UPTE contacted UC to request deductions be cancelled, and payroll deductions for Wolf stopped on or around February 14, 2019. *Id.* at ¶¶ 21-23. Wolf alleges that he had approximately $65 per month withheld from his paycheck for the period from April 2018 until February 2019. *Id.* at ¶ 24.

### 3. Legal Issues

Wolf's First Amended Complaint asserts three claims for relief. Count I requests a declaration that the deduction of union dues from Wolf's paycheck was carried out without operative affirmative consent as Plaintiff claims is required by *Janus v. AFSCME*, Council 31, 138 S. Ct. 2448, 2486 (2018). Count II requests a declaration that California Government Code section 3583, the provision of California law pursuant to which Plaintiff alleges this money was taken, violates Wolf's First Amendment rights under *Janus*. Count III requests damages in the amount of unions dues previously deducted from Wolf's Paycheck. Defendants deny all three claims. Defendants also believe that the Court lacks subject matter jurisdiction and that Plaintiff fails to state a claim upon which relief can be granted.

### 4. Motions

Defendants each filed Motions to Dismiss, but pursuant to this Court's Order (Dkt. 42), Wolf's filing of the First Amended Complaint (Dkt. 39) has mooted those motions. Defendants intend to refile new Motions to Dismiss for this Court's consideration.

If the Motions to Dismiss are denied, or denied in part, Plaintiff believes the issues in the case are primarily legal in nature, that there is very little factual dispute, and would seek to file a Motion for Summary Judgment to resolve the case on the pleadings.

### 5. Amendment of Pleadings

Wolf filed his First Amended Complaint (Dkt. 39) on August 9, 2019. At this time no further amendments are expected.

### 6. Evidence Preservation

The parties have met and conferred, and do not anticipate any special procedures

will be necessary for the preservation of evidence. The parties additionally certify that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI").

7. Disclosures

The parties have not yet made initial disclosures. Initial disclosures are currently due on August 28 (Dkt. 4), but the parties request the deadline for initial disclosures be extended until after the Motions to Dismiss have been decided, as the outcome of those motions may obviate the need for initial disclosures.

8. Discovery

No discovery has been taken to date. The parties propose that the timeline for written discovery be set after the Motions to Dismiss have been decided, as the outcome of those motions will significantly affect the scope of any discovery.

To the extent formal discovery may be necessary to resolve the issues in this matter, the parties submit their Rule 26(f) Report as follows. The parties request that the deadline for initial disclosures be extended until after the Motions to Dismiss have been decided, as discussed in section 7, *supra*. The anticipated subjects of discovery are limited. Plaintiff expects to seek only the exact amount of union dues that were withheld from Plaintiff's paycheck, and any union agreements allegedly signed by Plaintiff. Defendants will depose Plaintiff regarding his knowledge of the issues raised by his First Amended Complaint and seek documents regarding the facts relevant to those claims. A proposed schedule for discovery is detailed in section 17, *infra*.

The parties do not anticipate any issues related to electronically stored information ("ESI"), issues related to privileged materials, changes to limitations on discovery that should be made, issues related to protective orders, or any other Rule 26(c), Rule 16(b) or 16(c) issues. Should such issues arise, they will meet and confer in an effort to reach a mutually agreeable resolution.

9. Class Actions

This case is not brought as a class action, and no class procedures are necessary.

10. Related Cases

There are dozens of cases around the country that raise similar claims to the Plaintiff in this case. None of them involve Plaintiff Isaac Wolf. *O'Callaghan v. Napolitano*, 2:19-cv-02289-JVS-DFM, currently pending in the Central District of California, also involves similar claims by University of California employees against their employer. Below the parties list some of the many other cases, not involving the same parties but raising the same or similar issues, pending or recently decided.

- *Martin v. California Teachers Ass'n*, No. 2:18-cv-08999-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *Matthews v. United Teachers Los Angeles*, No. 2:18-cv-06793-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *Wilford v. National Education Ass'n*, No. 8:18-cv-1169-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *Babb v. California Teachers Ass'n*, No. 8:18-cv-00994-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *Few v. United Teachers Los Angeles*, No. 2:18-cv-09531-JLS-DFM, 2019 U.S. Dist. LEXIS 79812 (C.D. Cal. May 8, 2019).

- *Sweet v. California Association of Psychiatric Technicians,* 2:19-cv-00349-JAM-AC, Eastern District of California.

- *Belgau v. Inslee,* No. 18-5620 RJB, 2018 U.S. Dist. LEXIS 175543 (W.D. Wash. Oct. 11, 2018).

- *Adams v. Teamsters Local 429,* 1:19-CV-00336- SHR, Middle District of

Pennsylvania.

- *Hannay v. AFSCME Council 8*, 5:19-cv-00951, Northern District of Ohio.
- *Thompson v. Marietta Education Ass'n,* No. 2:18-cv-00628-MHW-CMV, ECF Dkt. 52, (S.D. Ohio Jan. 14, 2019).
- *Uradnik v. Inter Faculty Org.*, No. 18-1895 (PAM/LIB), 2018 U.S. Dist. LEXIS 165951 (D. Minn. Sep. 27, 2018).
- *Reisman v. Associated Faculties of the Univ. of Me.*, No. 1:18-cv-00307-JDL, 2018 U.S. Dist. LEXIS 203843 (D. Me. Dec. 3, 2018).
- *Hendrickson v. AFSCME Council 18*, 18-CV-01119-RB-LF, District of New Mexico.
- *Bennett v. AFSCME Council 31*, 4:19-cv-04087-SLD-JEH, Central District of Illinois.
- *Leitch v. AFSCME Council 31*, 1:19-cv-02921, Northern District of Illinois.
- *Mandel v. SEIU Local 73*, 1:18-cv-08385, Northern District of Illinois
- *Sweeney v. Madigan,* No. 18-cv-1362, 2019 U.S. Dist. LEXIS 19389 (N.D. Ill. Feb. 6, 2019).
- *Janus v. Am. Fed'n of State,* No. 15 C 1235, 2019 U.S. Dist. LEXIS 43152 (N.D. Ill. Mar. 18, 2019).
- *Oliver v. SEIU Local 668*, 19-0891, Eastern District of Pennsylvania.
- *Bierman v. Dayton*, 900 F.3d 570 (8th Cir. 2018).

- *Fisk v. Inslee,* No. 17-35957, 2018 U.S. App. LEXIS 35317 (9th Cir. Dec. 17, 2018).

- *Mentele v. Inslee*, 916 F.3d 783, 789 (9th Cir. 2019).

11. <u>Relief</u>

Plaintiff seeks declaratory relief and damages in the amount of union dues previously taken from him. Defendants have not asserted any counterclaims against him, and do not believe that any relief for Plaintiff is justified or appropriate.

12. <u>Settlement and ADR</u>

Given the nature of the issues in the case, the parties do not think they are likely to reach a settlement, and do not expect that ADR procedures would be a productive use of resources.

13. <u>Consent to Magistrate Judge for All Purposes</u>

Plaintiff declined magistrate judge jurisdiction. (Dkt. 7).

14. <u>Other References</u>

The parties do not believe that arbitration, a special master, or the judicial panel on multidistrict litigation would be useful avenues to resolve this case.

15. <u>Narrowing of Issues</u>

The parties do not feel that the issues in this case would be productively narrowed by agreement or motion, except that the defendants intend to move to dismiss aspects of Plaintiff's First Amended Complaint.

16. <u>Expedited Trial Procedure</u>

The parties do not feel this case is an appealing candidate for expedited trial procedures.

17. <u>Scheduling</u>

The parties propose the following tentative schedule, with the understanding that this Court's resolution of the Motions to Dismiss may necessitate reconsideration in the

future.

December 1, 2019 — Deadline for amendment of pleadings or addition of parties.

December 1, 2019 — Deadline for designation of experts.

January 30, 2020 — Cutoff of fact discovery.

February 27, 2020 — Deadline for dispositive motions.

April 4, 2020 — Pretrial conference.

April 4, 2020 — Deadline for pretrial disclosures.

May 4, 2020—Trial.

18. Trial

The parties anticipate no more than a three-day trial will be necessary to resolve this case. None of the parties intend to request a jury.

19. Disclosure of Non-party Interested Entities or Persons

The only interested party Plaintiff Isaac Wolf is aware of is himself, and the Defendants named in his First Amended Complaint. UPTE has filed its certification confirming that there are no such interested parties to name. (Dkt. 23.) Defendants Attorney General Xavier Becerra, Joshua Golka, and Janet Napolitano are not required to file a Certificate of Interested Entities, pursuant to Local Rule 3-15(a).

20. Professional Conduct

Counsel for each of the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Exceptions**

The above statement is the joint statement of all the undersigned parties, and no parties has any exceptions to enter to what is stated above.


Dated: August 20, 2019

                                Respectfully submitted,

                                /s/ Mark W. Bucher
                                Mark W. Bucher

mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297


/s/ Reilly Stephens
Reilly Stephens (*Pro Hac Vice*)
rstephens@libertyjusticecenter.org
Brian K. Kelsey (*Pro Hac Vice*)
bkelsey@libertyjusticecenter.org
James J. McQuaid (*Pro Hac Vice to be filed*)
jmcquaid@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

/s/ Gilbert J. Tsai
Gilbert J. Tsai
Winston K. Hu
Hanson Bridgett LLP
425 Market Street, 26th Floor
San Francisco, CA 94105
415-777-3200
Fax: 415-541-9366
gtsai@hansonbridgett.com
whu@hansonbridgett.com
*Attorneys for Defendant Janet Napolitano*

/s/ Jerry T. Yen
Jerry T. Yen
Office of Attorney General
1300 I Street

Sacramento, CA 95814
916-210-7836
jerry.yen@doj.ca.gov
*Attorney for Defendants Joshua Golka and Xavier Becerra*

<u>/s/ Arthur Liou</u>
Arthur Liou
Julia Lum
Danica Li
Leonard Carder, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
510-272-0169
Fax: 510-272-0174
aliou@leonardcarder.com
dli@leonardcarder.com
jlum@leonardcarder.com
*Attorneys for Defendant University Professional and Technical Employees*

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3) regarding signatures, I, Reilly Stephens, attest that concurrence in the filing of this document has been obtained.

Dated: August 20, 2019        <u>/s/ Reilly Stephens</u>

Case No. 3:19-cv-02881-WHA        11
JOINT CASE MANAGEMENT STATEMENT

15775683.1