XAVIER BECERRA, State Bar No. 118517
Attorney General of California
ANTHONY R. HAKL, State Bar No. 197335
Supervising Deputy Attorney General
JERRY T. YEN, State Bar No. 247988
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7836
 Fax: (916) 324-8835
 E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as California Attorney General, and Joshua Golka, in his official capacity as Executive Director of the California Public Employment Relations Board*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC WOLF,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNIVERSITY PROFESSIONAL & TECHNICAL EMPLOYEES, COMMUNICATIONS WORKERS OF AMERICA LOCAL 9119; ANNE SHAW, in her official capacity as Secretary and Chief of Staff to the Regents of the University of California; JOSHUA GOLKA, in his official capacity as Executive Director of the California Public Employment Relations Board; and XAVIER BECERRA, in his official capacity as Attorney General of California,<br><br>　　　　　　　　　　Defendants. | Case No. 3:19-cv-02881-WHA<br><br>**DEFENDANTS ATTORNEY GENERAL XAVIER BECERRA AND JOSHUA GOLKA'S POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]<br><br>Date:　　　　September 26, 2019<br>Time:　　　　8:00 a.m.<br>Courtroom:　12<br>Judge:　　　　Hon. William Alsup<br>Trial Date:　　Not Set<br>Action Filed:　May 24, 2019 |

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................................. 1

BACKGROUND .................................................................................................................... 2

LEGAL STANDARD ............................................................................................................. 3

ARGUMENT .......................................................................................................................... 4

    I.    Plaintiff Lacks Standing to Challenge the Dues Deduction Process or Cal. Gov't Code § 3583 .......................................................................................... 4

    II.    Plaintiff's Claims in Count I and Count II are Moot ............................................... 4

    III.    Plaintiff Cannot State a Constitutional Challenge Because The Purported Harm Is Not Based on Any State Action ................................................................ 5

        A.    The Dues Deductions Did Not Result from the Exercise of a State-Created Right or Privilege ........................................................................... 7

        B.    The Union is Not a State Actor .................................................................. 8

            1.    The Public Function Test ................................................................ 9

            2.    The Joint Action Test ..................................................................... 9

            3.    The State Compulsion Test ........................................................... 10

            4.    The Governmental Nexus Test ..................................................... 11

    IV.    Janus Does Not Support Plaintiff's First Amendment Challenge to Cal. Gov't Code § 3583 ........................................................................................ 12

CONCLUSION ..................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*
   526 U.S. 40 (1999) ........................................................................................................................9

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ......................................................................................................................3

*Babb v. Cal. Teachers Ass'n*
   Case No. 8:18-cv-00994-JLS-DFM, 2018 WL 7501267 (C.D. Cal. Dec. 7, 2018) ....................................................................................................................................5

*Bain v. Cal. Teachers Ass'n* (*Bain I*)
   156 F. Supp. 3d 1142 (C.D. Cal. 2015) ........................................................................................6

*Bain v. Cal. Teachers Ass'n* (*Bain II*)
   No. 2:15-cv-02456-SVW-AJW, 2016 WL 6804921 (C.D. Cal. May 2, 2016) ........................11

*Belgau v. Inslee*
   359 F. Supp. 3d 1000 (W.D. Wash. Feb. 15, 2019) ................................................................8, 12

*Canatella v. State of California*
   304 F.3d 843 (9th Cir. 2002) ........................................................................................................4

*Caviness v. Horizon Cmty. Learning Ctr., Inc.*
   590 F.3d 806 (9th Cir. 2010) ..................................................................................................7, 10

*Cervantes v. Countrywide Home Loans, Inc.*
   656 F.3d 1034 (9th Cir. 2011) ......................................................................................................3

*Cobb v. Saturn Land Co., Inc.*
   966 F.2d 1334 (10th Cir. 1992) ....................................................................................................8

*Cooley v. California Statewide Law Enforcement Ass'n* (*Cooley I*)
   Case No. 2:18-cv-02961-JAM-AC, 2019 WL 331170 (E.D. Cal. January 25, 2019) ..............................................................................................................................2, 12

*Cooley v. California Statewide Law Enforcement Ass'n* (*Cooley II*)
   Case No. 2:18-cv-02961-JAM-AC, 2019 WL 2994502 (E.D. Cal. July 9, 2019) ......................7

*Corrie v. Caterpillar*
   503 F.3d 974 (9th Cir. 2007) ........................................................................................................3

*Delgado v. Smith*
   861 F.2d 1489 (11th Cir. 1988) ....................................................................................................8

# TABLE OF AUTHORITIES
(continued)

**Page**

*Flagg Bros., Inc. v. Brooks*
    436 U.S. 149 (1978) ...................................................................................................................7

*Florer v. Congregation Pidyon Shevuyim, N.A.*
    639 F.3d 916 (9th Cir. 2011) ......................................................................................................9

*Janus v. AFSCME Council 31*
    138 S. Ct. 2448 (2018) ........................................................................................................2, 12

*Kidwell v. Transp. Commc'ns Int'l Union*
    946 F.2d 283 (4th Cir. 1991) ....................................................................................................11

*Lee v. Katz*
    276 F.3d 550 (9th Cir. 2002) ......................................................................................................9

*LSO, Ltd. v. Stroh*
    205 F.3d 1146 (9th Cir. 2000) ....................................................................................................4

*Maya v. Centex Corp.*
    658 F.3d 1060 (9th Cir. 2011) ....................................................................................................3

*Naoko Ohno v. Yuko Yatsuma*
    723 F.3d 984 (9th Cir. 2013) .............................................................................................passim

*Paulson v. CNF, Inc.*
    559 F.3d 1061 (9th Cir. 2009) ....................................................................................................3

*Preiser v. Newkirk*
    422 U.S. 395 (1975) ...................................................................................................................4

*Rosebrock v. Mathis*
    745 F.3d 963 (9th Cir. 2014) ......................................................................................................5

*Smith v. Superior Court, County of Contra Costa*
    Case No. 18-cv-05472-VC, 2018 WL 6072806 (N.D. Cal. July 16, 2018) .............................12

*Spokeo, Inc. v. Robins*
    136 S. Ct. 1540 (2016) ...............................................................................................................3

*White v. Lee*
    227 F.3d 1214 (9th Cir. 2000) ....................................................................................................3

# TABLE OF AUTHORITIES
**(continued)**

**Page**

**STATUTES**

Government Code
  § 1157.12 ..................................................................................................................10
  § 3583 ................................................................................................................. *passim*

**COURT RULES**

Federal Rules of Civil Procedure
  Rule 12(b)(1) ..............................................................................................................3
  Rule 12(b)(6) ..............................................................................................................3

**INTRODUCTION**

Defendants Xavier Becerra, in his official capacity as Attorney General of California, and Joshua Golka, in his official capacity as Executive Director of the California Public Employment Relations Board ("PERB"), move to dismiss Counts I and II of the First Amended Complaint for lack of standing, mootness, and because Plaintiff's claims fail as a matter of law.  Plaintiff brings this case challenging the constitutionality of collecting and stopping the collection of union dues pursuant to the union's membership authorization agreement as well as a California statute—Cal. Gov't Code § 3583—related to the authorization of union dues deduction and contract terms governing withdrawal from union membership.[1]  *See* First Am. Compl., filed August 9, 2019 (ECF No. 39).

Plaintiff's alleged injury—deduction of union membership dues from his paycheck—no longer exists because he has resigned his union membership.  Thus, Plaintiff lacks standing to challenge the process for collecting and stopping the collection of union dues or to challenge Cal. Gov't Code § 3583.  Further, because he is no longer a member of the union (and unlikely to rejoin the union) and has not been paying union membership dues, Plaintiff's claims regarding Cal. Gov't Code § 3583 are now moot.

Even assuming that Plaintiff meets the Article III standing and live controversy requirements (which he does not), Plaintiff still fails to state a claim upon which relief can be granted.  As an initial matter, the union's deduction of dues is not a state action, but the result of a private agreement voluntarily entered into between Plaintiff and the University Professional & Technical Employees, Communications Workers of America Local 9119 (the "Union").  Notably, the First Amended Complaint contains no allegations that the State (through the Attorney General, PERB, or any other state officer or agency) was involved in that agreement in any way.  Because Plaintiff's injury—i.e., the union's deduction of dues—cannot be attributed to the State, Plaintiff cannot bring a constitutional claim against the State.

---

[1] Count III of the First Amended Complaint also requests a refund of Mr. Wolf's union dues.  *Id*.  This claim is directed solely to another defendant – University Professional & Technical Employees, Communications Workers of America Local 9119.  *Id*.

1

1    Nor can Plaintiff salvage his First Amendment claims by relying on the Supreme Court's
2  decision in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018).  *Janus* addressed the
3  constitutionality of compelling *non-union members* to pay agency (or "fair-share") fees.  It did
4  not address the constitutionality of deducting membership dues from individuals who—like
5  Plaintiff—voluntarily joined the union.  *See Cooley v. California Statewide Law Enforcement*
6  *Ass'n* (*Cooley I*), Case No. 2:18-cv-02961-JAM-AC, 2019 WL 331170, *2-3 (E.D. Cal. January
7  25, 2019).  *Janus* has no bearing on this case (except to generally reaffirm the propriety of
8  exclusive representation arrangements).  Here, Plaintiff's claims concern his private agreement to
9  pay membership dues, and he cannot use *Janus* (or the First Amendment) to invalidate the terms
10 of that agreement.  Thus, Plaintiff's claims against the Attorney General and PERB fail as a
11 matter of law.

**BACKGROUND**

13    Plaintiff Isaac Wolf began working as a process engineer for the Lawrence Berkeley
14 National Laboratory ("Berkeley Lab") in March 2018, and appears to currently still work there.
15 First Am. Compl, ¶¶ 5, 12.  Shortly after starting his job, Plaintiff "signed a form authorizing the
16 Union to withhold union dues from his paycheck."  *Id*. ¶ 13.
17    In November 2018, almost five months after the *Janus* decision issued, Plaintiff attempted
18 to resign his membership with the Union.  *Id*. ¶¶ 15-16.  The Union responded by informing
19 Plaintiff that he could only cancel his membership during the "annual cancellation period."  *Id*.
20 ¶ 17.  Plaintiff's counsel then sent a letter to Berkeley Lab suggesting that, under *Janus*, Berkeley
21 Lab could not enforce membership or dues deduction agreements.  *Id*. ¶ 18.  Berkeley Lab
22 responded that it was no longer permitted to correspond directly with an employee about
23 membership dues.  *Id*. ¶ 19.
24    A month later, during the "annual cancellation period," Plaintiff contacted the Union and
25 resigned his membership.  *Id*. ¶ 20.  A couple of weeks later, the Union confirmed his resignation
26 and that membership dues would no longer be withheld from his paycheck.  *Id*. ¶ 23.
27    Despite having resigned his union membership, Plaintiff now brings a claim against PERB,
28 and requests, in Count I, a declaration "that deducting union dues after a government employee

2

has requested that they stop is a violation of the First Amendment." *Id*. ¶¶ 25-33. Plaintiff also brings a claim, in Count II, against the Attorney General requesting "a declaration that Cal. Gov't Code § 3583 and all related provisions constitute an unconstitutional violation of his First Amendment rights and freedom of association for prohibiting his immediate withdrawal from the Union and stoppage of his dues deductions." *Id*. ¶¶ 34-37.

## LEGAL STANDARD

Under Article III of the Constitution, a plaintiff must have standing and a live controversy in order to bring a claim. The plaintiff bears the burden of establishing the requisite standing to bring a claim. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543, 1547 (2016). "[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067-68 (9th Cir. 2011). Further, when a case or controversy becomes moot, it deprives the court of jurisdiction under Article III and is subject to dismissal under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A motion to dismiss may also be brought "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion to dismiss, the complaint must provide sufficient detail that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a 12(b)(6) motion to dismiss, the court must accept the factual allegations as true, and construe them in the light most favorable to the plaintiff. *Corrie v. Caterpillar*, 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Paulson v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009). "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

# ARGUMENT

## I. PLAINTIFF LACKS STANDING TO CHALLENGE THE DUES DEDUCTION PROCESS OR CAL. GOV'T CODE § 3583

Plaintiff does not have standing to challenge the dues deduction process or Cal. Gov't Code § 3583 (Counts I and II) because he cannot allege the requisite injury-in-fact. In order for a plaintiff "to establish standing to challenge a law or regulation that is not presently being enforced against them, they must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000). Similarly, "[i]n the particular context of injunctive and declaratory relief, a plaintiff must show that he has suffered or is threatened with a concrete and particularized legal harm *coupled* with a sufficient likelihood that he will again be wronged in a similar way." *Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002) (emphasis added). Here, Plaintiff has resigned from the union and acknowledges that his dues deductions are no longer being withheld from his paycheck. First Am. Compl., ¶¶ 20-23. Accordingly, he is suffering no present injury as a result of the dues deduction process or the enforcement of Cal. Gov't Code § 3583. Nor has Plaintiff not alleged any facts indicating that he intends to rejoin the union or that Cal. Gov't Code § 3583 will be enforced against him. *See* First Am. Compl. He thus cannot allege a concrete future injury. Because Plaintiff has not alleged any present injury or likelihood of future injury, Count I requesting declaratory relief and Count II challenging Cal. Gov't Code § 3583 should be dismissed for lack of standing.

## II. PLAINTIFF'S CLAIMS IN COUNT I AND COUNT II ARE MOOT

Similarly, having resigned from the Union, Plaintiff's request for declaratory relief and his challenge to Cal. Gov't Code § 3583 are now moot. "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer live or the

1 parties lack a legally cognizable interest in the outcome." *Rosebrock v. Mathis*, 745 F.3d 963,
2 971 (9th Cir. 2014).

3   Here, as discussed earlier, the alleged wrongful actions (i.e., the deduction of union dues)
4 cannot "reasonably be expected to recur." *Babb v. Cal. Teachers Ass'n*, Case No. 8:18-cv-00994-
5 JLS-DFM, 2018 WL 7501267, *17 (C.D. Cal. Dec. 7, 2018) (quoting *Yohn v. Cal. Teachers
6 Ass'n*, Case No. SACV 17-202-JLS-DFM, 2018 WL 5264076, *2 (C.D. Cal. Sept. 28, 2018)).[2]
7 In *Babb*, some of the plaintiffs, like Plaintiff in this case, were union members prior to *Janus* but
8 resigned afterwards. *Id*. at *2. And similar to Plaintiff's allegations in this case, those plaintiffs
9 claimed "they were led to believe that union membership was mandatory." *Id*. One of those
10 plaintiffs also alleged that California Education Code § 45060 (which specifies the procedure for
11 requesting cancellation of union membership dues) violates the First Amendment. *Id*. at *16.
12 The court ultimately concluded that this plaintiff's claim was moot and that he "would have to
13 rejoin his union for his claim to be live." *Id*. at *17  And so it is here. Plaintiff challenges a
14 statute related to the process for deduction of union membership dues and resigning from a union
15 even though he is not presently a union member and has not alleged any intention to rejoin the
16 Union. Unless and until he does so, Counts I and II—which challenge procedures and a statute
17 applicable only to union members—should be dismissed as moot.

### III. PLAINTIFF CANNOT STATE A CONSTITUTIONAL CHALLENGE BECAUSE THE PURPORTED HARM IS NOT BASED ON ANY STATE ACTION

20   Plaintiff's challenge, in Count I, to the constitutionality of continuing union dues
21 deductions after a union member requests that they stop fails as a matter of law because any
22 alleged injury stems exclusively from the terms of the Union's membership authorization
23 agreement, and not any state action. Similarly, Plaintiff's challenge to the constitutionality of
24 Cal. Gov't Code § 3583 in Count II fails as a matter of law because his alleged injuries resulted

---

[2] The Court in *Babb* consolidated similar motions from several *Janus*-related cases. *Id*. at *1. One of those cases was *Martin v. California Teachers Ass'n*, No. 2:18-cv-08999-JLS-DFM. *Id*.

5

from his voluntary decision to join the union and "sign[] a form authorizing the Union to withhold union dues from his paycheck" (First Am. Compl., ¶ 13), not the challenged statute.

To state a cognizable claim under 42 U.S.C. § 1983, "a plaintiff must show that the allegedly unconstitutional conduct is fairly attributable to the State." *Bain v. Cal. Teachers Ass'n* (*Bain I*), 156 F. Supp. 3d 1142, 1149 (C.D. Cal. 2015) (citing *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010)). The "state action" requirement "serves to 'avoid[ ] imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.'" *Naoko Ohno v. Yuko Yatsuma*, 723 F.3d 984, 994 (9th Cir. 2013) (quoting *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 936 (1982)). Here, Plaintiff's alleged injuries cannot be fairly attributed to the State or any state action.

Plaintiff's sole alleged injury arises from the continued deduction of union dues for approximately one month following his request to resign from the union. PERB—the only state defendant alleged to be involved in the continued deduction of union dues—played no role whatsoever in such deductions. Rather, the Union, pursuant to Plaintiff's signed membership authorization agreement, directed the withholding of union dues from Plaintiff's paycheck. *See* First Am. Compl., ¶ 13. The First Amended Complaint contains no allegations that PERB (or any other state actor) was a party to that agreement or played any role in its negotiation or execution. Nor does the First Amended Complaint contain any allegations that Cal. Gov't Code § 3583 (or any other state law or regulation) required inclusion of a dues-maintenance provision in the membership authorization agreement or compelled Plaintiff to sign the agreement. To the contrary, the membership authorization agreement was a private contract between Plaintiff and the Union, in which the State played no part. Thus, in order to trigger constitutional review, Plaintiff's claims turn on whether the actions of the Union constitute a "state action."

Courts employ a two-prong test to review if such conduct is a state action:

> The first prong asks whether the claimed constitutional deprivation resulted from the exercise of some right or privilege created by the state or by a person for whom the State is responsible. The second prong determines whether the party charged with the deprivation could be described in all fairness as a state actor.

6

*Naoko Ohno*, 723 F.3d at 994 (quoting *Lugar*, 457 U.S. at 937). As shown below, the challenged actions do not satisfy either prong of the state action test.

### A. The Dues Deductions Did Not Result from the Exercise of a State-Created Right or Privilege

With respect to the first prong of the "state action" analysis required by *Naoko Ohno*, the challenged conduct here did not result from any obligation created or imposed by the State or Cal. Gov't Code § 3583, but rather was the result of an entirely private (and voluntary) transaction—the Union's membership authorization agreement with Plaintiff.

Plaintiff alleges that Cal. Gov't Code § 3583 is unconstitutional because it allows the Union to permit members to withdraw from the Union, at a minimum, within thirty days prior to the expiration of the Union's collective bargaining memorandum. First Am. Compl., ¶ 35. But "[a]ctions taken by private entities with the mere approval or acquiescence of the State is not state action." *Caviness*, 590 F.3d at 817 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999)); *see also Cooley v. California Statewide Law Enforcement Ass'n* (*Cooley II*), Case No. 2:18-cv-02961-JAM-AC, 2019 WL 2994502, *3-4 (E.D. Cal. July 9, 2019) (concluding that application of the state action doctrine in a situation "where … the state took no direct action and the parties have existing contractual rights would stretch [the] doctrine beyond its current limits"). Indeed, the Supreme Court has noted that it "has never held that a State's mere acquiescence in a private action converts that action into that of the State." *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164 (1978) (finding that a plaintiff could not state a section 1983 claim against the State of New York for enacting the New York Uniform Commercial Code, which allowed a storage company to sell the plaintiff's goods).

Here, Plaintiff's purported injury stems from his decision to become a member of the Union and his signed membership authorization agreement, which permitted the union to withhold membership dues from his paycheck. The State was not a party to that agreement, and Plaintiff does not allege—nor could he—that Cal. Gov't Code § 3583 compelled him to join the Union, or enter into an agreement containing terms governing dues deduction or the termination of his

7

1  union membership.  Likewise, the State did not participate in the formation, negotiation, or
2  execution of the Union's membership authorization agreement.
3        Further, it is Plaintiff's contract with the Union—not any state statute or state action—that
4  determined the process for Plaintiff's resignation from the union, and required the continued
5  deduction of union dues until such resignation.  No statute or state entity directed the Union to
6  include such terms or to take any action to enforce the terms of its membership agreement.
7        Finally, Plaintiff cannot point to his employer Berkeley Lab's ministerial function of
8  processing his dues deductions as "state actions" implicating constitutional protections.  As
9  another district court has recently held in a similar dues-deduction case, "Defendants' obligation
10 to deduct fees in accordance with the authorization 'agreements does not transform decisions
11 about membership requirements . . . into state action.'"  *Belgau v. Inslee*, 359 F. Supp. 3d 1000,
12 1015 (W.D. Wash. Feb. 15, 2019), appeal docketed No. 19-35137 (9th Cir. Feb. 20, 2019)
13 (quoting *Bain v. Cal. Teachers Ass'n* (*Bain II*), No. 2:15-cv-02456-SVW-AJW, 2016 WL
14 6804921, at *7 (C.D. Cal. May 2, 2016)); *see also Delgado v. Smith*, 861 F.2d 1489, 1495-96
15 (11th Cir. 1988) (a state's ministerial approval of a voter initiative did not constitute state action);
16 *Cobb v. Saturn Land Co., Inc.*, 966 F.2d 1334, 1337 (10th Cir. 1992) ("[A]ctions of a county
17 clerk, who merely accepted and recorded the required lien materials prepared by Defendant and
18 issued filing notices to Plaintiff," were not state actions sufficient to invoke constitutional
19 protection).
20       Because Plaintiff's purported injury arises solely from his private contract with the Union,
21 it is not fairly attributable to any state action, statute, or any right or privilege created by the State.
22 Thus, Plaintiff's claims in Counts I and II do not meet the first prong of the state action test.

    **B.**    **The Union is Not a State Actor**

24       Even if Plaintiff could satisfy the first prong of the state action test—and as demonstrated
25 above, he cannot—his constitutional challenges to the Union's continued collection of dues prior
26 to his resignation and his challenge to Cal. Gov't Code § 3583 would still fail at the second prong
27 because the Union is not a state actor.  As explained above, Plaintiff's purported injury (continued
28 dues deduction) arises from his agreement with the Union (and the Union's adherence to its

8

terms).  Thus, the Union is "the party charged with the deprivation."  *Naoko Ohno*, 723 F.3d at 995.  As a result, Plaintiff may state a constitutional claim only if he can allege that the Union "'may fairly be said to be a state actor,' where 'state actor' means an actor for whom a domestic governmental entity is in some sense responsible." *Id.* (quoting *Lugar*, 457 U.S. at 937).  The Supreme Court has articulated four tests to determine whether a non-governmental entity's actions amount to state action:  the public function test, the joint action test, the state compulsion test, and the governmental nexus test.  *Id.*; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52-58 (1999).  The Union does not meet the definition of state actor under any of the four tests.

### 1. The Public Function Test

The Union is not a state actor under the public function test because state law does not vest the Union with any governmental powers.  "Under the public function test, 'when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations.'"  *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002) (quoting *Evans v. Newton*, 382 U.S. 296, 299 (1966)).  "To satisfy the public function test, the function at issue must be both traditionally and exclusively governmental." *Id.* at 555 (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 842 (1982)).

Here, the Union was not endowed by the State "with powers or functions governmental in nature."  *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 924 (9th Cir. 2011).  The statute that Plaintiff challenges does not vest the Union, or any other union, with governmental authority.  The Union's collection of dues from employees who voluntarily become union members, and the enforcement of contract terms governing the cancellation of membership, are neither "traditionally," nor "exclusively governmental." *Lee*, 276 F.3d at 555.  Because such actions flow instead from the terms of the Union's membership authorization agreement, they do not satisfy the public function test.

### 2. The Joint Action Test

The Union is not a state actor under the joint action test because the State and the Union have not acted in concert to deprive Plaintiff of his constitutional rights.  For purposes of this test,

9

1    a "'[j]oint action' exists where the government affirms, authorizes, encourages, or facilitates

2    unconstitutional conduct through its involvement with a private party." *Naoko Ohno*, 723 F.3d at

3    996. The State did not take any such action here.

4    On the contrary, Plaintiff voluntarily authorized the deduction of dues from his paycheck.

5    First Am. Compl., ¶ 13. The Union's decision to enforce its membership authorization agreement

6    is completely independent of any State action. The State neither "affirm[ed], authorize[d],

7    encourage[d], or facilitate[d]" the Union's conduct, nor "so far insinuated itself into a position of

8    interdependence with" the Union "that it must be recognized as a joint participant in the

9    challenged activity." *Naoko Ohno*, 723 F.3d at 996 (internal citations omitted). Plaintiff's ability

10   to cancel his membership only during the "annual cancellation period" follows the terms of his

11   voluntary agreement with the Union, and the Union's private decision to enforce such terms, not

12   any joint action taken with the State.

13           **3.    The State Compulsion Test**

14   The Union is not a state actor under the state compulsion test because the State has not

15   exercised any coercive power over the Union. Under this test, "[a] state may be responsible for a

16   private entity's actions if 'it has exercised coercive power or has provided such significant

17   encouragement, either overt or covert, that the choice must in law be deemed to be that of the

18   State.'" *Caviness*, 590 F.3d at 816 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

19   Here, the terms governing Plaintiff's cancellation of his membership and request to stop

20   dues deductions exist only between Plaintiff and the Union. The State did not co-sign the

21   membership authorization agreement. Indeed, Plaintiff's First Amended Complaint does not

22   allege that the State exercised coercive power over the Union or played any role in creating the

23   terms of the membership authorization agreement. Nor are there any allegations that the State

24   encouraged or coerced the Union to enforce the terms of its membership authorization agreement.

25   To the contrary, state law requires public employers to keep at arm's length from any changes to

26   membership dues deductions, by directing "employee requests to cancel or change deductions for

27   employee organizations to the employee organization, rather than to the public employer." Cal.

28   Gov. Code § 1157.12   Because the State played no role in the creation of the Union's

membership authorization agreement or its enforcement by the Union, the state compulsion test does not apply to the actions in dispute.

### 4. The Governmental Nexus Test

Finally, the Union is not a state actor under the governmental nexus test because the Union's actions cannot be treated as State actions. "Under the governmental nexus test, a private party acts under color of state law if 'there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Naoko Ohno*, 723 F.3d at 995 n.13 (quoting *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991) (internal citations omitted)). But here, the Union's decision to include an "annual cancellation period" and dues deduction provisions in its membership authorization agreement and to enforce such provisions against Plaintiff were entirely independent of any state action.

"Courts have regularly rejected attempts to find state action in the internal decisions of unions even when they are given exclusive bargaining authority by state law." *Bain II*, 2016 WL 6804921 at *7 (C.D. Cal. May 2, 2016). Even if the State were responsible for establishing a "cancellation period" for resigning union membership —which it is not—such action would not create the requisite governmental nexus. In *Bain II*, the court held that the "government's ministerial obligation to deduct dues" for union members "does not transform decisions about membership requirements into state actions." *Id.* (citing *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 817 (7th Cir. 2009)). And in *Kidwell v. Transp. Commc'ns Int'l Union*, 946 F.2d 283 (4th Cir. 1991), the court found that the government could not be held responsible for a union's membership criteria, because the governmental authority conferred upon the union there did not specifically authorize or require the action complained of. *Id.* at 298.

The same situation is true here where state law does not prescribe any specific action that the Union must take to create or enforce dues deductions. Just as Plaintiff cannot show under the first three tests that the Union is a state actor, Plaintiff's allegations are insufficient to establish a governmental nexus between the Union's actions and the State. Thus, Plaintiff cannot satisfy the second prong of the state action test.

1  Given his failure to meet both prongs of the state action test, Plaintiff's constitutional

2  challenges in Counts I and II of the First Amended Complaint should be dismissed.

3  **IV.  *JANUS* DOES NOT SUPPORT PLAINTIFF'S FIRST AMENDMENT CHALLENGE TO CAL.
   GOV'T CODE § 3583**
4

5  Cal. Gov't Code § 3583 does not violate the First Amendment and Plaintiff's reliance on

6  *Janus* in challenging the constitutionality of this statute fails as a matter of law.  Specifically,

7  Plaintiff alleges that Cal. Gov't Code § 3583 violates the First Amendment because it "probit[ed]

8  his immediate withdrawal from the Union and stoppage of his dues deductions."  First Am.

9  Compl., ¶ 37.  Plaintiff makes this allegation despite the fact that he voluntarily joined the Union

10 by executing a membership authorization agreement that expressly permitted cancellation of

11 membership only during an "annual cancellation period."  *See id.*, ¶ 17.

12 As an initial matter, Cal. Gov't Code § 3583 permits the unions and their members to agree

13 on terms governing the time period and process for withdrawing from the union as well as related

14 dues obligations.  Contrary to Plaintiff's allegations, Cal. Gov't Code § 3583 does not prohibit his

15 immediate withdrawal from the Union or the stoppage of his dues deductions.  Rather, those

16 prohibitions were governed by Plaintiff's voluntary choice to join the Union and to accept the

17 terms of the Union's membership authorization agreement.

18 Plaintiff "cannot now invoke the First Amendment to wriggle out of his contractual duties."

19 *Smith v. Superior Court, County of Contra Costa*, Case No. 18-cv-05472-VC, 2018 WL 6072806,

20 *1 (N.D. Cal. July 16, 2018); *Belgau*, 359 F. Supp. 3d at 1017 (quoting *Smith*, 2018 WL 607280);

21 *see also Cooley I*, 2019 WL 331170 at *3 ("[T]he First Amendment does not confer … a

22 constitutional right to disregard promises that would otherwise be enforced under state law")

23 (quoting *Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991)).  "*Janus* [does not] stand for the

24 proposition that any union member can change his mind at the drop of a hat, invoke the First

25 Amendment, and renege on his contractual obligations to pay dues."  *Smith*, 2018 WL 607280 at

26 *1.  On the contrary, "*Janus* actually acknowledges in it is concluding paragraph that employees

27 can waive their First Amendment rights by affirmatively consenting to pay union dues."  *Id.*

28 (citing *Janus*, 138 S. Ct. at 2486).  This is what Plaintiff did when he voluntarily agreed to join

12

the Union and authorized the Union to withhold union dues from his paycheck. *See* First Am. Compl., ¶ 13. Accordingly, Plaintiff's First Amendment challenge to Cal. Gov't Code § 3583 in Count II fails as a matter of law.

## CONCLUSION

The Attorney General and Mr. Golka respectfully request that the Court grant this motion to dismiss Counts I and II of Plaintiff's First Amended Complaint without leave to amend.

Dated:  August 23, 2019                              Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General


      */s/ Jerry T. Yen*
JERRY T. YEN
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as California Attorney General, and Joshua Golka, in his official capacity as Executive Director of the California Public Employment Relations Board*

SA2019102769
14036616.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | Wolf, Isaac v. University Professional & Technical Employees, et al. | No. | **3:19-cv-02881** |

I hereby certify that on <u>August 23, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS ATTORNEY GENERAL XAVIER BECERRA AND JOSHUA GOLKA'S POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>August 23, 2019</u>, at Sacramento, California.

| | |
|---|---|
| Eileen A. Ennis | */s/ Eileen A. Ennis* |
| Declarant | Signature |

SA2019102769
14041297.docx