Arthur Liou (SBN 252690)
Julia Lum (SBN 310291)
Danica Li (SBN 308650)
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
aliou@leonardcarder.com
jlum@leonardcarder.com
dli@leonardcarder.com

Attorneys for Defendant
UPTE-CWA Local 9119

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC WOLF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNIVERSITY PROFESSIONAL & TECHNICAL EMPLOYEES, COMMUNICATIONS WORKERS OF AMERICA LOCAL 9119; JANET NAPOLITANO, in her official capacity as President of the University of California; JOSHUA GOLKA, in his official capacity as Executive Director of the California Public Employment Relations Board; and XAVIER BECERRA, in his official capacity as Attorney General of California,<br><br>　　　　Defendants. | Case No. 3:19-cv-02881-WHA<br><br>**DEFENDANT UPTE'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:　　　　September 26, 2019<br>Time:　　　　8:00am<br>Courtroom:　12<br>Judge:　　　　Hon. William Alsup<br><br>Action Filed: May 24, 2019 |

Pursuant to Federal Rule of Evidence 201,[1] Defendant University Professional and Technical Employees, Communication Workers of America Local 9119 (UPTE) hereby requests that this court take judicial notice of the following documents and facts in support of UPTE's Motion to Dismiss Plaintiff's First Amended Complaint (FAC):

**1.   Wolf Is Part of UPTE's Research Support Professional Bargaining Unit**

The court should take judicial notice that Wolf's position is part of UPTE's Research Support Professional (RX) bargaining unit. Courts may take judicial notice of public records, which include California public employee's names, job titles, and bargaining unit. *See Int'l Fed'n of Prof'l & Tech. Engineers, Local 21, AFL-CIO v. Superior Court*, 165 P.3d 488 (2007) (public employees' names, job titles, and salaries were matter of public record and subject to disclosure under California public records law); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (a court may take judicial notice of matters of public record). Wolf's status as part of the RX bargaining unit is not subject to reasonable dispute, as Plaintiff's job title and bargaining unit are readily determinable from public records, and it is also readily determinable from public records that Plaintiff's job title is part of the RX unit. Accordingly, UPTE's request for judicial notice as to this fact should be granted.

**2.   Collective Bargaining Agreement**

The court should take judicial notice of the collective bargaining agreement (CBA) between UPTE and the University of California for the RX bargaining unit. **Exhibit A** is a true and correct copy of Article 28 of the CBA between UPTE and the University of California, which is the only CBA article that concerns dues and fee deductions.[2] A court may take judicial notice of a CBA between employee representatives and employers if the CBA is not subject to reasonable dispute, no party questions its authenticity, and the complaint relies on the document. *Harris v. Cty. of*

---

[1] This court may take judicial notice pursuant to Federal Rule of Evidence 201, which provides that courts "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added).

[2] The complete agreement is available at https://ucnet.universityofcalifornia.edu/labor/bargaining-units/rx/contract.html.

1
DEFENDANT UPTE'S REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS FAC

*Orange*, 682 F.3d 1126 (9th Cir. 2012) (taking notice of five collective bargaining agreements referenced in complaint). Here, no party questions the CBA's authenticity, and Wolf's FAC relies on this document. *See* FAC ¶¶ 30 (alleging that UPTE acted pursuant to the CBA), 35, ECF No. 39. Accordingly, Article 28 of the CBA is relevant and the request for judicial notice regarding this document should be granted.

LEONARD CARDER, LLP

DATED: August 23, 2019     By:      /s/ *Arthur Liou*
                                    Arthur Liou
                                    Julia Lum
                                    Danica Li

                                    Attorneys for Defendant
                                    UPTE-CWA Local 9119

2
DEFENDANT UPTE'S REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS FAC

# EXHIBIT A

## ARTICLE 28
## PAYROLL DEDUCTION

A. **GENERAL CONDITIONS**

   1. UPTE-CWA shall establish the monthly amount it requires for union members' dues and initiation fees, and the amount required of unit members for agency fees. UPTE shall certify to the University in writing the monthly union dues and agency fee amounts, and the amount of members' initiation fees. The amount of the agency fee shall not exceed the monthly dues that are payable by members of UPTE. The University agrees to deduct from the pay of represented employees the amount of agency fees and dues UPTE has certified in writing.

   2. UPTE may change the amounts to be deducted from unit employees' pay once per calendar year. Any annual changes in the amounts to be deducted for UPTE dues or agency fees shall be certified to the University, in writing, at least forty-five (45) calendar days prior to the effective date of such change. All actual costs associated with changing the dues/agency fee amount (machine, programming, etc.) shall be paid by UPTE, following discussion with UPTE.

   3. Dues/agency fee deductions shall be monthly, or, where applicable, more frequently, in accordance with University payroll procedures in place at the time the deduction is made, unless there are insufficient net earnings in that period to cover said deduction.

B. **DUES AND FEES**

The payment of fair share fees and union dues through payroll deduction will continue even if the collective bargaining agreement expires.

   1. **Union Dues**

      a. The University will deduct from the pay of union members who have submitted a written individual authorization for the deduction of union dues, the monthly amount certified by the Union to be the dues required for the employee's membership in the Union. The employee's authorization must be provided on a form agreed upon by the parties.

      b. Dues deductions shall be effective following the University's receipt of the authorization form and completion of the appropriate programming and/or payroll changes.

      **c.** **An employee may at any time cancel her/his authorization for payroll dues deduction by presenting her or his written request for termination and cancellation to the designated University office. The University will send a copy of the written request for cancellation of dues deduction to UPTE.**

  **2.** **Agency Fees**

      **a.** **Employees who do not pay union dues shall pay agency fees as a condition of employment. The amount of the fee shall be deducted by the University from the wages or salary of the employee and paid to UPTE.**

      **b.** **Employees who are conscientious objectors to the payment of agency fees must apply for objector status with UPTE.**

           **1)** **UPTE shall determine the validity of the employee's status as a conscientious objector.**

           **2)** **If UPTE agrees to the objector status of the employee it shall provide monthly to the University proof of payments made to Charitable Organizations.**

**C.** **PROCESSING PAYROLL DEDUCTIONS FOR DUES AND FEES**

  **1.** **For each dues/fee deduction check submitted to UPTE, each campus/hospital/LBNL shall deduct from the total dues/fees amount remitted, an administrative fee of $.07 per employee that covers reporting and calculation of dues/fees, and a deduction of $10.00 for each check remitted to UPTE. These costs will continue to be charged to UPTE on an ongoing basis.**

  **2.** **Each campus//hospital/LBNL shall remit to UPTE, in the form of a check to an address designated by UPTE, an amount representing the dues/fees deductions less any reduction(s) referenced in Section C.1. above. Accompanying the check shall be a standard electronic and printed deduction report, which shall contain by campus/hospital/LBNL, by local number, an alphabetical listing of the UPTE unit members for who payroll deductions were made. The report shall include the employee identification number, employee name, bargaining unit code, campus code, employee within unit salary, and amount withheld. Any costs associated with changing the deduction report referenced above shall be fully paid by UPTE. The report shall be provided electronically via the File Transfer Protocol (FTP) site.**

D.  **CORRECTION OF ERRORS**

   1.  **If the University fails to make appropriate authorized payroll dues or fee deductions, or any part thereof, the University shall correct the deduction amounts within thirty (30) days of notice from the Union.**

   2.  **If the University's error resulted in deductions less than the correct amount, the University shall make the additional required deductions to make up the difference between the actual and correct amounts in accordance with current payroll policy regarding additional deductions.  However, additional deductions shall not exceed two times the normal dues amount in any given pay period.**

   3.  **If the error results in payment of more than the correct amount and the Union has received the funds, the Union shall reimburse the employees accordingly.**

E.  **OTHER DEDUCTIONS**

   **Payroll deductions shall be made for UPTE-sponsored programs pursuant to the provisions of the University's Accounting Manual requirements.  For insured benefit programs the section of the Accounting Manual entitled "Special Regulations for Non-University Insured Benefit Program" applies.  For other than insured benefit programs the section of the Accounting Manual entitled "Employee Organizations" applies.**

   **Effective ninety (90) days after ratification of this agreement, or July 1, whichever is later, the Elizabeth Glaser AIDS Foundation deduction shall be made available to employees.**

F.  **INDEMNIFICATION**

   **It is specifically agreed that the University assumes no obligation other than that specified in Section A., above, or liability, financial or otherwise, arising out of the provisions of this Article.  UPTE shall inform the University when the amount of the monthly dues changes.  Such notice should be sent in time to provide for appropriate programming.  Further, UPTE hereby agrees that it will reimburse the University for any cost and indemnify and hold the University harmless from any claims, actions, or proceedings by any person or entity, arising from deductions made by the University pursuant to this Article.**