HANSON BRIDGETT LLP
GILBERT J. TSAI, SBN 247305
gtsai@hansonbridgett.com
WINSTON K. HU, SBN 306677
whu@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone: (415) 777-3200
Facsimile: (415) 541-9366

Attorneys for Defendant
JANET NAPOLITANO, in her official
capacity as President of the University
of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaac Wolf,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>University Professional & Technical Employees, Communications Workers of America Local 9119; Janet Napolitano, in her official capacity as President of the University of California; Joshua Golka, in his official capacity as Executive Director of the California Public Employment Relations Board; and Xavier Becerra, in his official capacity as Attorney General of California,<br><br>　　　　Defendants. | Case No. 3:19-cv-02881-WHA<br><br>**DEFENDANT JANET NAPOLITANO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　September 26, 2019<br>Time:　　8:00 a.m.<br>Crtrm:　　12, 19th Floor<br>Judge:　　The Hon. William Alsup |

Case No. 3:19-cv-02881-WHA
DEFENDANT JANET NAPOLITANO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

15775398.1

## TABLE OF CONTENTS

| | Page |
|---|---|
| NOTICE OF MOTION AND MOTION | 1 |
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| I. INTRODUCTION | 2 |
| II. ALLEGED FACTS | 2 |
| III. LEGAL STANDARD | 2 |
| IV. ARGUMENT | 3 |
|     A. Plaintiff's Suit Arises Out Of A Dispute With Their Union Over Issues Within The Exclusive Jurisdiction Of PERB And Must Be Dismissed As Against Ms. Napolitano Under FRCP 12(b)(1). | 3 |
|     B. All Claims Against Ms. Napolitano Are Subject To Dismissal Under FRCP 12(b)(6) Because *Janus* Does Not Apply To Union Members Who Authorized Payroll Deductions. | 6 |
| V. CONCLUSION | 7 |

-i-  Case No. 3:19-cv-02881-WHA
DEFENDANT JANET NAPOLITANO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

15775398.1

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AFSCME Local 3299 v. The Regents of Univ. of California*,
 PERB Dec. No. 2300-H (December 20, 2012) ................................................................5

*Anderson v. California Faculty Assn.*,
 25 Cal. App. 4th 207 (1994) ............................................................................................4

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ........................................................................................................3

*Babb v. Cal. Teachers Ass'n*,
 378 F. Supp. 3d 857, 2019 WL 2022222 (C.D. Cal. May 8, 2019) ................................6

*Belgau v. Inslee*,
 359 F. Supp. 3d 1000, 1016 (W.D. Wash. Feb. 15, 2019) ..............................................7

*Bell Atlantic Corp. v. Twombly*,
 500 U.S. 554 (2007) ........................................................................................................3

*Cooley v. Cal. Statewide Law Enforcement Ass'n*,
 No. 2:18-cv-02961-JAM-AC, 2019 WL 2994502 (E.D. Cal. July 9, 2019) ...............6, 7

*El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*,
 33 Cal. 3d 946 (1983) .....................................................................................................5

*Janus v. Associated Federation of State, County, and Municipal Employees, Council 31*,
 138 S. Ct. 2448 (2018) ............................................................................................2, 6, 7

*Leek v. Washington Unified School Dist.*,
 124 Cal. App. 3d 43 (1981) ............................................................................................5

*Link v. Antioch Unified School Dist.*,
 142 Cal. App. 3d 765 (1983) ..........................................................................................5

*Navarro v. Block*,
 250 F.3d 729 (9th Cir. 2001) ..........................................................................................3

*San Diego Mun. Employees Assn. v. Superior Court*,
 206 Cal. App. 4th 1447 (2012) .......................................................................................4

*Sato v. Orange County Dept. of Ed.*,
 861 F.3d 923 (9th Cir. 2017) ..........................................................................................2

-ii- Case No. 3:19-cv-02881-WHA
DEFENDANT JANET NAPOLITANO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

15775398.1

*Saul v. United States*,
    928 F.2d 829 (9th Cir. 1991) ..................................................................................................2

*Smith v. Superior Court*,
    No. 3:18-cv-5472-VC, 2018 WL 6072806 (N.D. Cal. Nov. 16, 2018) ......................................6

*Stevenson v. Los Angeles Unified School District*,
    No. CV096497ODWPLAX, 2010 WL 11596479 (C.D. Cal. June 28, 2010) ...........................5

*The Regents of Univ. of California v. Pub. Employment Relations Bd.*,
    168 Cal. App. 3d 937 (1985) ...................................................................................................3

**Statutes**

Cal. Gov't Code § 1150(f) ...............................................................................................................6

Cal. Gov't Code § 1157.12 ..............................................................................................................6

Cal. Gov't Code § 3560 ...............................................................................................................3, 4

Cal. Gov't Code § 3563 ...............................................................................................................3, 4

Cal. Gov't Code § 3563.2 .................................................................................................................4

Cal. Gov't Code § 3571(b) ...............................................................................................................6

Cal. Gov't Code § 3571(c) ...............................................................................................................6

Cal. Gov't Code § 3571.1(f) .........................................................................................................4, 5

Cal. Gov't Code § 3571.1(g) ........................................................................................................4, 5

Cal. Gov't Code § 3578 ...............................................................................................................3, 4

Higher Education Employer-Employee Relations Act ............................................................3, 4, 5

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(1) ....................................................................................1, 2

Federal Rule of Civil Procedure 12(b)(6) .............................................................................1, 2, 3, 6

-iii-    Case No. 3:19-cv-02881-WHA

DEFENDANT JANET NAPOLITANO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

15775398.1

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 26, 2019, at 8:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 12 of The Honorable William Alsup, located in the United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant JANET NAPOLITANO, in her official capacity as President of the University of California ("Ms. Napolitano") will and hereby does move this Court for an order dismissing the Complaint of Plaintiff Issac Wolf ("Plaintiff") against her, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that this Court lacks subject matter jurisdiction and because Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff's claims against Ms. Napolitano are barred because the California Public Employment Relations Board has exclusive jurisdiction over Plaintiff's claims and because they voluntarily authorized the actions now challenged.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

DATED: August 23, 2019　　　　　　　　　　HANSON BRIDGETT LLP

By: ___*/s/ Gilbert J. Tsai*___
GILBERT J. TSAI
WINSTON K. HU
Attorneys for Defendant
JANET NAPOLITANO, in her official
capacity as President of the University
of California

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Janet Napolitano ("Ms. Napolitano"), sued in her official capacity as President of the University of California (the "University") requests that the Court dismiss the First Amended Complaint of Plaintiff Issac Wolf ("Plaintiff") against her because the Court lacks subject matter jurisdiction, and because Plaintiff has failed to state a claim upon which relief can be granted. The Plaintiff's real dispute here is with the Union, not against the University or Ms. Napolitano. First, the California Public Employment Relations Board has exclusive jurisdiction over Plaintiff's claims. Second, Plaintiff has failed to state a claim against Ms. Napolitano upon which relief can be granted because they voluntarily authorized payroll deductions; as a result, United States Supreme Court's decision in *Janus v. Associated Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018) does not apply here.

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), Plaintiff's Complaint must be dismissed in its entirety against Defendant Ms. Napolitano.

## II. ALLEGED FACTS

Plaintiff, a University employee, alleges he signed a form authorizing the deduction of union dues from his paycheck on April 10, 2018. (Compl. ¶13.) Plaintiff alleges that in November 2018, he resigned his membership and requested his union dues cease, but the Union responded that he could only cancel his membership and payroll deductions during the "annual cancellation period" prior to his renewal date. (Compl. ¶¶15-17.) Plaintiff resigned from his membership and the Union ceased deducting dues in February 2019. (Compl. ¶¶20-21.)

## III. LEGAL STANDARD

The Court must dismiss a case when it lacks subject matter jurisdiction or when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims that are preempted or barred due to the defendant's immunity. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991); *see Sato v. Orange County Dept. of Ed.*, 861 F.3d 923, 927, fn. 2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or

12(b)(6) motion.").

Federal Rule of Civil Procedure 12(b)(6) requires dismissal where the plaintiff fails to state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 500 U.S. 554, 570 (2007). While courts must accept the material facts alleged in the complaint, along with all reasonable inferences to be drawn from those facts, as true, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001), "the tenet that a court must accept a complaint's allegations as true is inapplicable to . . . [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ARGUMENT

### A. Plaintiff's Suit Arises Out Of A Dispute With Their Union Over Issues Within The Exclusive Jurisdiction Of PERB And Must Be Dismissed As Against Ms. Napolitano Under FRCP 12(b)(1).

Because Plaintiff's allegations of improper dues and scope of the Union's representation arise out of, and would form the basis for, unfair practice allegations against the Union under the Higher Education Employer-Employee Relations Act ("HEERA"), this lawsuit falls within the exclusive jurisdiction of the California Public Employment Relations Board ("PERB" or the "Board"). As such, Plaintiff's suit must be dismissed against Ms. Napolitano.

The University is a higher education employer pursuant to HEERA, the statute that grants collective bargaining rights to employees in the California State University and the University of California systems. Cal. Gov't Code § 3560 et seq. HEERA requires that any exclusive representative treats all these employees in the bargaining unit, whether union members or non-members, "fairly and impartially." Cal. Gov't Code § 3578.

PERB is the administrative agency charged with administering the provisions of HEERA. Cal. Gov't Code § 3563. "In enacting HEERA, the Legislature, after noting that all other employees of the public school systems in the state had been granted the opportunity for collective bargaining, found it desirable to expand the jurisdiction of the Board [PERB] to cover the employees of the University of California, Hastings College of the Law, and the California State University." *The Regents of Univ. of California v. Pub. Employment Relations Bd.*, 168 Cal. App. 3d 937, 943 (1985). PERB was established with exclusive jurisdiction to adjudicate unfair labor

practice charges: "The initial determination as to whether the charges of unfair practices are justified, and, if so, what remedy is necessary to effectuate the purposes of this chapter, shall be a matter within the exclusive jurisdiction of the board." Cal. Gov't Code § 3563.2.

PERB has been granted extensive powers to implement HEERA, which includes unfair practice claims brought against employee organizations, including unions. For example, under HEERA, it is unlawful for an employee organization to require employees to pay fees "in an amount which the board finds excessive or discriminatory under all the circumstances." Cal. Gov't Code § 3571.1(f). It also is unlawful for an employee organization to "[c]ause, or attempt to cause, an employer to pay or deliver, or agree to pay or deliver, any money or other thing of value, in the nature of an exaction, for services which are not performed or are not to be performed." Cal. Gov't Code § 3571.1(g).

Plaintiff's allegations fall squarely within the purview of HEERA. He alleges that the Union continues to charge him dues in an unfair or excessive manner, and he further alleges that the Union has caused the employer (the University) to deliver the payment of union dues for services that Plaintiff did not want performed – allegations that would sound in unfair practice charges against the Union under HEERA. *See* Cal. Gov't Code §§ 3571.1(f), (g).

PERB clearly has jurisdiction over allegations about improper or excessive fees charged by unions relating to union membership, as well as allegations regarding the scope of union representation. *See* Cal. Gov't Code § 3560 (describing HEERA's broad scope over labor relations issues involving University employees ); Cal. Gov't Code § 3563 (specifying PERB powers to determine disputed cases involving representation); Cal. Gov't Code § 3578 (setting forth union's duty of fair representation); *see also Anderson v. California Faculty Assn.*, 25 Cal. App. 4th 207, 211 (1994) (declaring that PERB has exclusive jurisdiction to determine unfair labor practice claims in suit against union defendants over breach of the duty of fair representation).

Furthermore, "[t]he mere fact that constitutional rights may be implicated or have some bearing on this dispute" does not divest the Board of its jurisdiction. *San Diego Mun. Employees Assn. v. Superior Court*, 206 Cal. App. 4th 1447, 1458, 1460 (2012) (claims seeking injunctive

relief do not divest PERB of jurisdiction); see also, *AFSCME Local 3299 v. The Regents of Univ. of California*, PERB Dec. No. 2300-H, at pp. 14-15 (December 20, 2012) (citing *Leek v. Washington Unified School Dist.*, 124 Cal. App. 3d 43, 53 (1981) (Legislature intended that PERB exercise jurisdiction over matters that could be unfair practices or other violations of EERA, even if the claims also alleged constitutional violations) and *Link v. Antioch Unified School Dist.*, 142 Cal. App. 3d 765, 769 (1983) (same)).

Simply put, PERB's jurisdiction may be at issue even if the claims are not alleged as unfair practice charges. For instance, in *Stevenson v. Los Angeles Unified School District*, this Court dismissed an assortment of claims filed in the Central District because the dispute alleged could have constituted unfair practices over which PERB has exclusive jurisdiction. No. CV096497ODWPLAX, 2010 WL 11596479, at *3-4 (C.D. Cal. June 28, 2010). Similarly, in *El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*, 33 Cal. 3d 946, 952-960 (1983), the California Supreme Court dismissed a tort suit for lack of jurisdiction based on the preemption doctrine because the claims arose out of alleged actions within PERB's exclusive jurisdiction. The Supreme Court invoked the preemption doctrine because the controversy presented to the court would require a decision as to whether the district had engaged in unfair labor practices, even though the claims were not alleged as such. *Id.* at 959.

So too, here. Neither the University nor its officials have the authority to interfere with Union's relationship or contractual agreements with past or present members. Instead, the real dispute lies between Plaintiff and the Union. Plaintiff's claims arise out of two simple issues: (1) the Union's refusal to terminate the continued collection of union dues from Plaintiff; and (2) the scope and extent of the Union's ability to serve as the exclusive representative of Plaintiff. At its essence, Plaintiff's suit sounds in alleged unfair practice charges against the Union under HEERA. Cal. Gov't Code §§ 3571.1(f), (g). Accordingly, the allegations fall within the purview of PERB's exclusive jurisdiction, and are improperly brought against Ms. Napolitano in this forum.

/ / /

/ / /

/ / /

**B.  All Claims Against Ms. Napolitano Are Subject To Dismissal Under FRCP 12(b)(6) Because *Janus* Does Not Apply To Union Members Who Authorized Payroll Deductions.**

State law requires the University to recognize the Union as the exclusive representative for bargaining unit members, to deduct union dues from their paychecks, and to rely on information provided by the employee organization regarding whether deductions for an employee organization were properly canceled or changed…." Cal. Gov't Code §§ 1150(f); 1157.12; 3571(b), (c).

Plaintiff challenges the constitutionality of these statutes on the grounds that the United States Supreme Court's decision in *Janus v. Associated Federation of State, County, and Municipal Employees*, *Council 31*, 138 S. Ct. 2448 (2018) prohibits the state employer's deduction of dues from employees' paychecks absent their consent. Yet, *Janus* does not require state employers to cease deductions for employees who had voluntarily entered into contracts to become dues-paying union members. To the contrary, such employees remain subject to the terms of those agreements under the laws governing contract formation and enforcement. Indeed, Plaintiff's claimed injuries arise not from either the University's actions or from the state laws they challenge in this lawsuit – instead, they arise from Plaintiff's own voluntary decision to join the Union and authorize payroll deductions.

Several federal district courts, including courts in the Northern, Eastern, and Central Districts of California, have agreed that the *Janus* decision does not entitle current or former union members, similarly situated to Plaintiff, to the relief they seek. *Babb v. Cal. Teachers Ass'n*, 378 F. Supp. 3d 857, 2019 WL 2022222, at *9 (C.D. Cal. May 8, 2019) (granting defendants' motion to dismiss because plaintiffs "voluntarily chose to pay membership dues in exchange for certain benefits"); *Cooley v. Cal. Statewide Law Enforcement Ass'n*, No. 2:18-cv-02961-JAM-AC, 2019 WL 2994502, at *1 (E.D. Cal. July 9, 2019) (granting defendants' motion to dismiss because union was authorized to continue collecting agreed-upon dues from union member under valid and enforceable agreement); *Smith v. Superior Court*, No. 3:18-cv-5472-VC, 2018 WL 6072806, at *1 (N.D. Cal. Nov. 16, 2018) (*Janus* does not stand for the proposition that "any union member can change his mind at the drop of a hat, invoke the First Amendment, and renege on his contractual

obligation to pay dues."), 2019 WL 2476679, at *2 (N.D. Cal. June 13, 2019) (granting defendants' motion to dismiss in same case because *Janus* "did not concern the relationship of unions and members; it concerned the relationship of unions and non-members"), *notice of appeal filed*, 19-16381 (Jul. 12, 2019); *see also Belgau v. Inslee*, 359 F. Supp. 3d 1000, 1016 (W.D. Wash. Feb. 15, 2019) ("The notion that the Plaintiffs may have made a different choice if they knew 'the Supreme Court [in *Janus*] would later invalidate public employee agency fee arrangements does not void their previous knowing agreements.") (citing *Cooley*, 2019 WL 331170, at *2), *notice of appeal filed*, 19-35137 (Feb. 20, 2019).

As such Plaintiff fails to state a claim against Ms. Napolitano upon which relief can be granted.

## V. CONCLUSION

For the reasons stated above, Ms. Napolitano requests this Court to grant its Motion to Dismiss Plaintiff's First Amended Complaint against Ms. Napolitano, with prejudice.

DATED: August 23, 2019                HANSON BRIDGETT LLP

By: */s/ Gilbert J. Tsai*
GILBERT J. TSAI
WINSTON K. HU
Attorneys for Defendant
JANET NAPOLITANO, in her official
capacity as President of the University
of California