Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

Brian K. Kelsey (*Admitted Pro Hac Vice*)
bkelsey@libertyjusticecenter.org
Reilly Stephens (*Admitted Pro Hac Vice*)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaac Wolf,<br>        Plaintiff,<br><br>v.<br><br>University Professional & Technical Employees, Communications Workers of America Local 9119 et al.,<br><br>        Defendants. | Case No. 3:19-cv-02881-WHA<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT NAPOLITANO'S MOTION TO DISMISS**<br><br>Date: September 26, 2019<br>Time: 8:00 A.M.<br>Courtroom: 12<br>Judge: Hon. William Alsup<br><br>Action Filed: May 24, 2019 |

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ 2

TABLE OF AUTHORITIES ................................................................................................. 3

INTRODUCTION .................................................................................................................. 4

ARGUMENT .......................................................................................................................... 4

    I.    This action for violations of First Amendment rights is properly brought before this Court rather than before a state labor regulator. .............. 5

    II.    *Janus* establishes a duty not to take money without affirmative consent. ................................................................................................................ 7

CONCLUSION ...................................................................................................................... 9

# TABLE OF AUTHORITIES

Cases

*Anderson v. Cal. Faculty Ass'n*,
    25 Cal. App. 4th 207, 31 Cal. Rptr. 2d 406 (1994) ...................................................... 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................... 4

*College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*,
    527 U.S. 666 (1999) ...................................................................................................... 8

*D. H. Overmyer Co. v. Frick Co.*,
    405 U.S. 174 (1972) ...................................................................................................... 7

*El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*,
    33 Cal. 3d 946, 952-960 (1983) .................................................................................. 6

*Janus v. AFSCME, Council 31*,
    138 S. Ct. 2448 (2018) ......................................................................................... 4, 5, 8

*Johnson v. Zerbst*,
    304 U.S. 458 (1938) ...................................................................................................... 7

*Knick v. Twp. of Scott*,
139 S. Ct. 2162, 2167 (2019) ........................................................................................ 7

*Ohio Bell Tel. Co. v. Public Utilities Comm'n*,
    301 U.S. 292 (1937) .................................................................................................. 7, 8

*Stevenson v. L.A. Unified Sch. Dist.*, No. CV 09-6497 ODW
    (PLAx), 2010 U.S. Dist. LEXIS 153333 (C.D. Cal. June 28, 2010) ........................... 6

Statutes

42 U.S.C. § 1983 ................................................................................................. 5, 7, 9

# INTRODUCTION

Plaintiff, Isaac Wolf, brings this action to vindicate his First Amendment right not to join or support a union. Defendant Janet Napolitano, sued in her official capacity as President of the University of California, filed a Motion to Dismiss (Dkt. 48) ("UC MTD"). Defendants University Professional & Technical Employees, Communications Workers of America Local 9119 ("UPTE" or the "Union"), and Defendants Joshua Golka, in his official capacity as Executive Director of the California Public Employee Relations Board ("PERB"), and Xavier Becerra, in his official capacity as Attorney General of California (collectively, the "Government Defendants") have filed their own Motions to Dismiss. Their arguments are addressed in separate oppositions filed concurrently with this one.

Wolf's First Amended Complaint (Dkt. 39) asserts three claims for relief. Count I requests a declaration that the deduction of union dues from Wolf's paycheck was carried out without the affirmative consent required by *Janus v. AFSCME*, Council 31, 138 S. Ct. 2448, 2486 (2018). Count II requests a declaration that the provisions of California law pursuant to which this money was taken violate Wolf's First Amendment rights under *Janus*. Count III requests damages in the amount of union dues previously deducted from Wolf's paycheck.

# ARGUMENT

To survive this Motion to Dismiss, Wolf need only state in his First Amended Complaint "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). He should prevail, provided his First Amended Complaint demonstrates something "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

//
//

## I. This action for violations of First Amendment rights is properly brought before this Court rather than before a state labor regulator.

Napolitano's first contention is that Wolf's claims "would form the basis for[] unfair practice allegations against the Union . . . within the exclusive jurisdiction of [PERB]." Napolitano MTD at 3. But PERB's role is to interpret and apply California's labor regulations. Wolf's claim is not that UPTE or Napolitano are committing an unfair labor practice under California law—indeed, Wolf's injury derives in significant part from the faithful application of California law. Wolf contends, instead, that the application of California's labor regime to him abridges his First Amendment rights of speech and association. Such a suit is properly brought in this Court under 42 U.S.C. § 1983.

Napolitano argues that Wolf "alleges that the Union continues to charge him dues in an unfair or excessive manner, and he further alleges that the Union has caused the employer (the University) to deliver the payment of union dues for services that Plaintiff did not want performed –allegations that would sound in unfair practice charges against the Union under HEERA." Napolitano MTD at 4. But Plaintiff's claim is not that the Union has charged dues that would be excessive or unfair under HEERA; Plaintiff's claim is that being charged dues at all violates the First Amendment. Whether or not the dues are appropriate under California law is of no moment when considering whether they are permissible at all under the U.S. Constitution.

Nor is Wolf's First Amended Complaint about services he did not want performed. The representational services the Union provides are imposed on Wolf whether he is a dues paying member or not, as a function of UPTE's status as his exclusive representative. Wolf has not challenged that status in this case. He desires only to assert his right not to fund these activities against his will. As the Supreme Court explained, "a significant impingement on First Amendment rights occurs when public employees are required to provide financial support for a union that takes many positions during collective bargaining that have powerful political and civic consequences." *Janus*, 138 S. Ct. at 2464 (quoting

Case No. 3:19-cv-02881-WHA       5
PLAINTIFF'S OPPOSITION TO DEFENDANT NAPOLITANO'S MOTION TO DISMISS

*Knox v. SEIU*, 567 U.S. 298, 310-311 (2012)) (internal quotation marks omitted). Wolf expects that the Union will continue to take such positions leading to such consequences, but he prefers it not be done with his wages.

Napolitano quotes several cases where "the controversy presented to the court would require a decision as to whether the district had engaged in unfair labor practices." Napolitano MTD at 5 (citing *El Rancho Unified School Dist. v. Nat'l Educ. Ass'n*, 33 Cal. 3d 946, 952-960 (1983)). But Plaintiffs have not alleged anything that constitutes an unfair labor practice. Rather they allege that in following California labor law, Defendants are violating the U.S. Constitution.

The other cases cited are no less helpful. In *Stevenson v. L.A. Unified Sch. Dist.*, the union was alleged to have "breached their basic employment fiduciary duty of protecting Plaintiff's tenure and contract rights to work, and responsibilities to Plaintiff." No. CV 09-6497 ODW (PLAx), 2010 U.S. Dist. LEXIS 153333, at *8 (C.D. Cal. June 28, 2010). It may well be that a union's breach of its fiduciary duty to protect a member's employment rights is a claim within the ambit of the PERB because that is ultimately a claim that rests on the duties owed by the union under California law. Wolf's First Amended Complaint does not allege that UPTE or Napolitano violated a right granted to him under California law. His allegation is that they have violated rights granted to him under the First Amendment.

Similar distinctions apply to Napolitano's other citations. In *Anderson v. Cal. Faculty Ass'n*, 25 Cal. App. 4th 207, 209, 31 Cal. Rptr. 2d 406, 407 (1994), the Court explained that "the basis for the lawsuit against the university defendants is that the layoffs allegedly violated their employment contract… The basis for the claim against the union defendants is that they failed or refused to file grievances in response to the layoff notices." Failure to file grievances or adhere to an employment contract are not First Amendment violations.

It is instructive that most of Napolitano's citations are to California state courts, where judges may well be under some procedural obligation to defer to the Board. That

PERB has "exclusive jurisdiction" in examining issues of California law is of no moment when questions of federal law are asserted in a federal court. "The Civil Rights Act of 1871 . . . guarantees a federal forum for claims of unconstitutional treatment at the hands of state officials, and the settled rule is that exhaustion of state remedies is not a prerequisite to an action under [42 U. S. C.] § 1983." *Knick v. Twp. of Scott*, 139 S. Ct. 2162, 2167 (2019) (quoting *Heck v. Humphrey*, 512 U. S. 477, 480 (1994) (internal quotation marks omitted). In contradiction to settled federal law on the subject, Napolitano asserts that Wolf must exhaust his claims in a state administrative proceeding instead of invoking his right to a federal forum. This assertion, if accepted, would undermine the very purpose of § 1983 in enforcing constitutional rights against state officials.

## II. *Janus* establishes a duty not to take money without affirmative consent.

Finally, Napolitano next contends that *Janus* doesn't apply to this case because it doesn't prevent the deduction of dues from employees who have provided affirmative consent. Napolitano MTD at 6-7. Napolitano fails to recognize the claim brought by Wolf that he did not provide affirmative consent.

Supreme Court precedent provides that certain standards be met in order for a person to properly waive his or her constitutional rights. First, waiver of a constitutional right must be of a "known right or privilege." *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Second, the waiver must be freely given; it must be voluntary, knowing, and intelligently made. *D. H. Overmyer Co. v. Frick Co.*, 405 U.S. 174, 185-86 (1972). Finally, the Court has long held that it will "not presume acquiescence in the loss of fundamental rights." *Ohio Bell Tel. Co. v. Public Utilities Comm'n*, 301 U.S. 292, 307 (1937).

In Wolf's case, he could not have waived his First Amendment right to not join or pay a union. First, Wolf could not have voluntarily, knowingly, and intelligently waived his rights not to join or pay a union because neither UPTE nor Napolitano informed him he had a right not to join the union. Second, at the time Wolf signed his union membership

application, he did not know about his right not to pay a union because the Supreme Court had not yet issued its decision in *Janus*. Therefore, Wolf had no choice but to pay the union, and he did not voluntarily waive his First Amendment rights.

Because the Court will "not presume acquiescence in the loss of fundamental rights," *Ohio Bell Tel. Co.*, 301 U.S. at 307, the waiver of constitutional rights requires "clear and compelling evidence" that the employees wish to waive their First Amendment right not to pay union dues or fees. *Janus*, 138 S. Ct. 2484. In addition, "[c]ourts indulge every reasonable presumption against waiver of fundamental constitutional rights." *College Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.,* 527 U.S. 666 (1999) (citing *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389, 393 (1937)).

The union application Wolf signed did not provide a clear and compelling waiver of his First Amendment right not to join or pay a union because it did not expressly state that Wolf had a constitutional right not to pay a union and because it did not expressly state that Wolf was waiving that right.

After the decision in *Janus*, Napolitano maintained that Wolf may only withdraw his dues deduction during an arbitrary time period of the Union's choice, despite Wolf's repeated requests to be removed from the union rolls and to stop the dues deduction from his paychecks.

The invalid union dues authorization applications signed by Wolf before the Supreme Court's decision in *Janus* cannot meet the standards set forth for waiving a constitutional right, as required by the Supreme Court in *Janus*; therefore, Napolitano cannot hold Wolf to the time window to withdraw his union membership set forth in the union membership application.

In addition, Napolitano negotiated a collective bargaining agreement with the Union that explicitly protected Wolf's right to end his dues deduction at any time of his own choosing:

> An employee may at any time cancel her/his authorization for payroll dues deduction by presenting her or his written request for termination and

cancellation to the designated University office. The University will send a copy of the written request for cancellation of dues deduction to UPTE.

Collective Bargaining Agreement between University of California and UPTE, December 20, 2013 – September 30, 2017, at 148.[1] Napolitano's refusal to enforce the terms of her own collective bargaining agreement with UPTE is unexplainable—and unconstitutional.

Napolitano's refusal to protect the affirmative consent required by both the collective bargaining agreement and *Janus* constitutes the unconstitutional state action against which § 1983 provides Wolf a remedy.

## CONCLUSION

For the reasons stated above, Wolf has stated claims upon which relief may be granted, and Napolitano's Motion to Dismiss should be denied.

Dated: September 6, 2019

Respectfully submitted,

/s/ Brian K. Kelsey
Brian K. Kelsey (Admitted Pro Hac Vice)
bkelsey@libertyjusticecenter.org
Reilly Stephens (Admitted Pro Hac Vice)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108

---

[1] While the agreement ended prior to Wolf signing his Union membership application, it remained in effect until the subsequent agreement was ratified in August 2019.

Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

*Attorneys for Plaintiff*