| | |
|---|---|
| 1 | HANSON BRIDGETT LLP<br>GILBERT J. TSAI, SBN 247305 |
| 2 | gtsai@hansonbridgett.com<br>WINSTON K. HU, SBN 306677 |
| 3 | whu@hansonbridgett.com<br>425 Market Street, 26th Floor |
| 4 | San Francisco, California 94105<br>Telephone: (415) 777-3200 |
| 5 | Facsimile: (415) 541-9366 |
| 6 | |
| 7 | Attorneys for Defendant<br>JANET NAPOLITANO, in her official |
| 8 | capacity as President of the University<br>of California |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaac Wolf,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>University Professional & Technical Employees, Communications Workers of America Local 9119; Janet Napolitano, in her official capacity as President of the University of California; Joshua Golka, in his official capacity as Executive Director of the California Public Employment Relations Board; and Xavier Becerra, in his official capacity as Attorney General of California,<br><br>　　　　　Defendants. | Case No. 3:19-cv-02881-WHA<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:　September 26, 2019<br>Time:　8:00 a.m.<br>Crtrm:　12, 19th Floor<br>Judge:　The Hon. William Alsup |

Case No. 3:19-cv-02881-WHA
REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

15827393.3

## TABLE OF CONTENTS

Page

I. ARGUMENT ..................................................................................................................1

    A. Plaintiff's Claims Against Ms. Napolitano Must Be Dismissed For Lack Of Jurisdiction Because Plaintiff's Claims Fall Within The Exclusive Jurisdiction Of The Public Employment Relations Board. ........................................1

    B. Plaintiff's Claims Against Ms. Napolitano Must Be Dismissed Because They Arise From His Own Voluntary Decision To Join The Union And Authorize Payroll Deductions. ..................................................................................2

    C. The Court Does Not Have Jurisdiction Over Plaintiff's Claims Because Plaintiff Has Failed To Exhaust Administrative Grievance Procedures. ...................4

II. CONCLUSION ...............................................................................................................5

# TABLE OF AUTHORITIES

Page

**Cases**

*Babb v. California Teachers Association*,
 378 F. Supp. 3d 857, 877 (C.D. Cal. 2019)......................................................................1, 3

*Carr v. Pacific Maritime Ass'n*,
 904 F.2d 1313 (9th Cir. 1990).................................................................................................4

*City & Cty. of San Francisco v. Int'l Union of Operating Engineers, Local 39*,
 151 Cal. App. 4th 938 (2007).................................................................................................1

*Cohen v. Cowles Media Co.*,
 501 U.S. 663 (1991)................................................................................................................3

*Fisk v. Inslee*,
 759 F. App'x 632 (9th Cir. 2019)..........................................................................................3

*Gutierrez v. Kaiser Permanente*,
 No. 217CV00897MCEGGH, 2018 WL 1382343 (E.D. Cal. Mar. 19, 2018)...............4

*Harrell v. City of Gilroy*,
 No. 17-CV-05204-LHK, 2018 WL 3845862 (N.D. Cal. Aug. 13, 2018) ....................2

*Janus v. AFSCME*,
 138 S. Ct. 2448 (2018) ................................................................................................1, 2, 3

*Johnson v. Hydraulic Research &Mfg. Co.*,
 70 Cal. App. 3d 675 (1977)...................................................................................................4

*Link v. Antioch Unified School Dist.*,
 142 Cal. App. 3d 765 (1983)..................................................................................................2

*O'Callaghan v. Regents of the Univ. of Cal.*,
 No. CV 19-02289JVS(DFMx), 2019 WL 2635585 (C.D. Cal. June 10, 2019)..........3

*San Diego Mun. Employees Assn. v. Superior Court*,
 206 Cal. App. 4th 1447 (2012)..............................................................................................1

*Seager v. United Teachers Los Angeles*,
 No. 219CV00469JLSDFM, 2019 WL 3822001 (C.D. Cal. Aug. 14, 2019)..............3

*Service Employees Intl Union, Local 1000 (CSEA) v, Dept. of Personnel Administration*,
 142 Cal. App. 4th 866 (2006)................................................................................................4

*Smith v. Bieker*,
 Case No. 18-cv-05472-VC, 2019 WL 2476679 (N.D. Cal. June 13, 2019) ...............3

-ii- Case No. 3:19-cv-02881-WHA
REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

15827393.3

**Statutes**

Cal. Gov't Code § 3563 .................................................................................................................1

Cal. Gov't Code § 3571.1(f) ..........................................................................................................2

Cal. Gov't Code § 3583 .................................................................................................................2

-iii- Case No. 3:19-cv-02881-WHA
REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT

15827393.3

# I. ARGUMENT

**A. Plaintiff's Claims Against Ms. Napolitano Must Be Dismissed For Lack Of Jurisdiction Because Plaintiff's Claims Fall Within The Exclusive Jurisdiction Of The Public Employment Relations Board.**

This dispute concerns the agreement that Plaintiff voluntarily entered into with the Union and the Union's refusal to release Plaintiff from all or part of this voluntarily executed agreement. These are the issues that sound in unfair labor practice charges for which the Public Employment Relations Board (the "Board" or "PERB") has exclusive jurisdiction. Cal. Gov't Code § 3563 *et seq*.

In his Complaint, and specifically in his Opposition to Ms. Napolitano's Motion to Dismiss, Plaintiff couches his claim under the First Amendment, arguing that "the application of California's labor regime" and "being charged dues at all violates the First Amendment." (Docket 51, hereinafter "Pltf. Opp.", at 5) However, Plaintiff's claims do not involve any statutory provisions, much less any action by Ms. Napolitano or the University. The only reason why he was ever charged union dues is because he *voluntarily submitted an application to join the Union and avowed to submit to the related contractual obligations*. Plaintiff's constitutional allegations, if any, are at most secondary to the alleged unfair practice issue involving this voluntary relationship. The "mere fact that constitutional rights may be implicated" does not divest the Board of its jurisdiction. *San Diego Mun. Employees Assn. v. Superior Court,* 206 Cal. App. 4th 1447, 1458, 1460 (2012); *see also City & Cty. of San Francisco v. Int'l Union of Operating Engineers, Local 39*, 151 Cal. App. 4th 938, 945 (2007) (Plaintiff "may not, through artful pleading, evade PERB's exclusive jurisdiction").

This principle holds true whether Plaintiff brings his claims in state or federal court. In *Babb v. California Teachers Association*, 378 F. Supp. 3d 857, 877 (C.D. Cal. 2019), plaintiffs brought suit seeking (1) declaratory relief that compulsory agency fees be declared unconstitutional under the First Amendment and (2) injunctive relief that the union defendants repay all agency fees they received before *Janus v. AFSCME*, 138 S. Ct. 2448 (2018). However, because the Educational Employment Relations Act ("EERA"), the California labor relations statute applicable to the state's school employees, governed the collection of agency fees, their

-1- Case No. 3:19-cv-02881-WHA
REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
15827393.3

claims were preempted by PERB's exclusive jurisdiction. *Id.* ("Challenges to agency fees, even on constitutional grounds, are subject to [PERB's] exclusive jurisdiction") (citing *Link v. Antioch Unified School Dist.*, 142 Cal. App. 3d 765, 769 (1983)); *see also Harrell v. City of Gilroy*, No. 17-CV-05204-LHK, 2018 WL 3845862, at *10 (N.D. Cal. Aug. 13, 2018) (dismissing Plaintiff's tort claims because they were subsumed within the duty of fair representation, which falls within PERB's exclusive jurisdiction).

Here, the Higher Education Employer-Employee Relations Act ("HEERA") similarly governs union dues deductions. Cal. Gov't Code § 3583. Indeed, HEERA specifically makes it unlawful practice for an employee organization to "[r]equire of employees covered by a memorandum of understanding to which it is a party the payment of a fee, as a condition precedent to becoming a member of such organization, in an amount which the board finds excessive or discriminatory under all the circumstances." Cal. Gov't Code § 3571.1(f). All of Plaintiff's claims involve the Union and the deduction of union dues from his paycheck. Accordingly, his claims fall within the purview of PERB's exclusive jurisdiction and are improperly raised in this forum, and against Ms. Napolitano; they must be dismissed.

**B.  Plaintiff's Claims Against Ms. Napolitano Must Be Dismissed Because They Arise From His Own Voluntary Decision To Join The Union And Authorize Payroll Deductions.**

*Janus* does not apply to Plaintiff's claims. Plaintiff essentially contends that his voluntary decision to join the Union should not be viewed as voluntary because he was never informed that he had a right not to join the union and because, at the time he submitted his application for union membership, the Supreme Court had not yet issued its *Janus* decision. (Pltf. Opp. at 6)

This argument is without merit. Plaintiff himself does not allege that he was required by Ms. Napolitano (or the Union) to become a union member or sign the form authorizing the Union to withhold union dues from his paycheck as a condition of his employment. Nor does he allege that he believed that signing the form or joining the union was in any way required. (Pltf. Comp. at ¶¶12-14) Indeed, Plaintiff had been an employee for a month before ever authorizing the Union to deduct dues. (Pltf. Comp. at ¶¶12-13) More importantly, Courts have consistently rejected Plaintiff's reasoning, "noting that union members voluntarily chose to pay membership dues in

exchange for certain benefits, and [t]he fact that plaintiffs would not have opted to pay union membership fees if *Janus* had been the law at the time of their decision does not mean their decision was therefore coerced." *Seager v. United Teachers Los Angeles*, No. 219CV00469JLSDFM, 2019 WL 3822001, at *2 (C.D. Cal. Aug. 14, 2019), *appeal filed* No. 19-55977 (9th Cir. 2019) (citing *Babb*, 378 F. Supp. 3d at 886) (internal quotations omitted); *Smith v. Bieker*, Case No. 18-cv-05472-VC, 2019 WL 2476679, at *2 (N.D. Cal. June 13, 2019), *appeal filed* No. 19-16381 (9th Cir. 2019) ("Smith contends that *Janus* entitles him to elect to stop paying dues to the union at the drop of a hat. But *Janus* did not concern the relationship of unions and members; it concerned the relationship of unions and non-members. Besides, 'the First Amendment does not confer ... a constitutional right to disregard promises that would otherwise be enforced under state law.'") (*quoting Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991)); *O'Callaghan v. Regents of the Univ. of Cal.*, No. CV 19-02289JVS(DFMx), 2019 WL 2635585, at *3 (C.D. Cal. June 10, 2019) (stating, in denying the plaintiff's motion for preliminary injunction, "[N]othing in *Janus*'s holding requires unions to cease deductions for individuals who have affirmatively chosen to become union members and accept the terms of a contract that may limit their ability to revoke authorized dues-deductions in exchange for union membership rights, such as voting, merely because they later decide to resign membership."). Likewise, in the context of a union dues irrevocability provision, the Ninth Circuit has found that "the First Amendment does not preclude the enforcement of 'legal obligations' that are bargained-for and 'self-imposed' under state contract law." *Fisk v. Inslee*, 759 F. App'x 632, 633-34 (9th Cir. 2019). Indeed, "temporarily irrevocable payment authorizations are common and enforceable in many consumer contracts—*e.g.*, gym memberships or cell phone contracts—and . . . under state contract law those provisions should be similarly enforceable here." *Id.*

Accordingly, Plaintiff fails to state a valid claim against Ms. Napolitano, and her Motion to Dismiss should be granted.

/ / /

/ / /

/ / /

-3- Case No. 3:19-cv-02881-WHA
REPLY MEMORANDUM IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

15827393.3

## C. The Court Does Not Have Jurisdiction Over Plaintiff's Claims Because Plaintiff Has Failed To Exhaust Administrative Grievance Procedures.

In his Opposition, Plaintiff for the first time alleges that the Memorandum of Understanding (the "Agreement") between the University of California and the Union requires Ms. Napolitano to allow employees to cancel "her/his authorization for payroll dues deduction by presenting her or his written request for termination and cancellation to the designated University office." (Pltf. Opp. at 9) Indeed, Plaintiff clarifies in his opposition to Defendant Union's Motion to Dismiss that through his lawsuit he "is asking only that UPTE honor the terms of the agreement that it negotiated with Napolitano." (Dkt. 49 at 11) Assuming this were true, the Court would not have jurisdiction over any of Plaintiff's claims because he did not exhaust the Agreement's grievance procedures. (*See* Request for Judicial Notice, Exh. A). Courts have long held that a party to a collective bargaining agreement which provides a grievance and arbitration process for the settlement of disputes within the scope of the contract must exhaust the internal remedies before resorting to the courts. *Johnson v. Hydraulic Research &Mfg. Co*., 70 Cal. App. 3d 675, 679-680 (1977); *Service Employees Intl Union, Local 1000 (CSEA) v, Dept. of Personnel Administration*, 142 Cal. App. 4th 866, 869-870 (2006). A plaintiff s failure to allege that she has pursued and exhausted the internal remedies of the contract is grounds for dismissal on the pleadings. *Service Employees*, 142 Cal. App. 4th at 869-870; *see also Gutierrez v. Kaiser Permanente*, No. 217CV00897MCEGGH, 2018 WL 1382343, at *3 (E.D. Cal. Mar. 19, 2018) ("As a general rule, members of a collective bargaining unit must first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement. . . . This requirement applies with equal force to claims brought against a union . . . " and "[f]ailure to utilize the grievance procedures ... bars grievants from pursuing remedies in court.") (*quoting Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990)). Grievants must, at the very least, "present and prosecute their grievances through contractual procedures before complaining of the inadequacy of those processes." *Carr*, 904 F.2d at 1318-19. Because Plaintiff has asserted no allegation that he pursued the internal grievance process under the Agreement, his claim must be dismissed for this additional reason.

## II. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Ms. Napolitano must be dismissed with prejudice.

DATED: September 13, 2019    HANSON BRIDGETT LLP

By:  */s/ Gilbert J. Tsai*
  GILBERT J. TSAI
  WINSTON K. HU
  Attorneys for Defendant
  JANET NAPOLITANO, in her official
  capacity as President of the University
  of California