1  HANSON BRIDGETT LLP
   GILBERT J. TSAI, SBN 247305
2  gtsai@hansonbridgett.com
   WINSTON K. HU, SBN 306677
3  whu@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, California 94105
   Telephone:    (415) 777-3200
5  Facsimile:    (415) 541-9366

6
   Attorneys for Defendant
7  JANET NAPOLITANO, in her official
   capacity as President of the University
8  of California

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12 | Isaac Wolf,                                              | Case No. 3:19-cv-02881-WHA
13 |           Plaintiff,                                     | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
14 |    v.
15 | University Professional & Technical
   | Employees, Communications Workers of
16 | America Local 9119; Janet Napolitano, in her             | Date:    September 26, 2019
   | official capacity as President of the University         | Time:    8:00 a.m.
17 | of California; Joshua Golka, in his official             | Crtrm:   12, 19th Floor
   | capacity as Executive Director of the                    | Judge:   The Hon. William Alsup
18 | California Public Employment Relations
   | Board; and Xavier Becerra, in his official
19 | capacity as Attorney General of California,
20 |           Defendants.

21

22

23

24

25

26

27

28

15846530.1

Case No. 3:19-cv-02881-WHA
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Federal Rule of Evidence 201(b)(2) allows judicial notice of "a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Janet Napolitano ("Ms. Napolitano") requests that this Court take judicial notice of the following:

1. Article 10, Grievance Procedure, from the Memorandum of Understanding ("MOU") for the Research Support Professionals Unit between the University of California ("UC") and the University Professional and Technical Employees ("UPTE"), attached hereto as **Exhibit A**, and available online at https://ucnet.universityofcalifornia.edu/labor/bargaining-units/rx/docs/rx_2013-2017_10_grievance-procedure.pdf.

A court may take judicial notice of a collective bargaining agreement between employee representatives and employer if it is not subject to reasonable dispute, no party questions its authenticity, and the complaint relies on the document. *See Jones v. AT&T*, 2008 WL 902292, at *2 (N.D. Cal. Mar. 31, 2008) (taking judicial notice of a collective bargaining agreement in determining a motion to dismiss because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"). Further, Plaintiff relies on the MOU and does not question its authenticity. (Docket 49 at 11 (Plaintiff "is asking only that UPTE honor the terms of the agreement that it negotiated with Napolitano")). It is appropriate for the Court to take judicial notice of the MOU on which the parties collectively rely. *Hashemi v. Bd. of Trustees of California State Univ.*, No. SACV1401184JAKCWX, 2015 WL 13763864, at *4 (C.D. Cal. Jan. 13, 2015); *see also Harris v. Cty. of Orange*, 682 F.3d 1126 (9th Cir. 2012) (taking notice collective bargaining agreements referenced in complaint).

/ / /

/ / /

/ / /

/ / /

/ / /

15846530.1

-1-   Case No. 3:19-cv-02881-WHA

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Accordingly, Article 10 of the MOU is relevant and the request for judicial notice regarding **Exhibit A** should be granted.

DATED: September 13, 2019                     HANSON BRIDGETT LLP

By:     */s/ Gilbert J. Tsai*
GILBERT J. TSAI
WINSTON K. HU
Attorneys for Defendant
JANET NAPOLITANO, in her official capacity as President of the University of California

-2-    Case No. 3:19-cv-02881-WHA
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT JANET NAPOLITANO'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

15846530.1

# EXHIBIT A

# ARTICLE 10
# GRIEVANCE PROCEDURE

**A.   GENERAL CONDITIONS**

1. A grievance is a written complaint by an individual employee, a group of employees, or UPTE that the University has violated a specific provision of this Agreement. The University shall not have the right to use the grievance procedure.

2. No employee shall be subject to reprisal for using or participating in the grievance procedure of this Agreement.

3. Filing

   a. All grievances must be filed with the campus/hospital/LBNL Labor Relations office at the campus that employs the grievant within the time frames specified in this Article, on a form agreed to by the parties (see Appendix C).  If the grievance is for more than one (1) employee, all individuals adversely affected will be identified on the grievance form by UPTE to the extent UPTE knows who the affected employees are at the time of filing.

   b. The grievance form must be signed and dated by the employee(s) or the employee's representative upon submission to the University. Union grievances must be signed by the UPTE President or designee.  UPTE will identify designee(s) in writing to the University.

   c. The grievance form (see Appendix C) shall be furnished to the employee by either UPTE or the University designee, although failure of a University Representative to provide a grievance form upon request shall not constitute cause for an extension of the time lines for filing, nor shall the employee or UPTE be able to grieve the University's failure to provide a grievance form.

      1) Only one subject matter shall be covered in any one grievance. A formal grievance must:

         a) identify the specific Article(s) and Section(s) of this Agreement alleged to have been violated;

        b)    describe the action(s) which allegedly violated the identified Article(s) and Section(s);

        c)    identify the date(s) of the action(s);

        d)    list the affected individual(s) known at the time of filing; and

        e)    describe the remedy requested.

2)    Receipt of the grievance shall be acknowledged in writing by the University as soon as practicable following receipt, and sent to the non work address listed on the grievance form.  If the grievance is incomplete or does not identify the information required in Section A.3.c.1). above, the University will advise the representative to complete the required information within seven (7) days of the date of the acknowledgement.  The provision of information does not in any way extend the original thirty (30) days to file the grievance.

3)    For the initial filing of a grievance, the date filed shall be the date received. However, if the grievance is mailed, the date of the US Postal Service postmark shall be considered the date filed. For grievance appeals and responses, the date of issuance shall be the date hand-delivered, or the date of the US Postal Service postmark, if mailed. Additionally, a grievance may be filed by facsimile (except at Step 3) if a signed hard copy is received by the University within five (5) business days.  The date and the time registered by the University's facsimile machine shall constitute the official date of receipt.  If the registered date on the facsimile falls outside the campus's business hours, the following business day shall constitute the official date of receipt.  Appeals to Step 3 may be filed electronically in accordance with Section F.3.b.3. below.

d.    No remedy shall exceed restoring to the grievant the pay, benefits or rights lost as a result of the violation of

the contract, less any income earned from any other source including, but not limited to, workers' compensation, or any other employment.

4. **TERMS / DEFINITIONS**

   For the purposes of this Article, the terms:

   a. "Grievant" means any eligible employee covered by this contract who has a grievance or complaint (as defined by this Agreement);

   b. "Other Grievance Representative" means any person representing an employee covered by this contract, other than an UPTE-designated employee representative or an UPTE representative, in the resolution of her/his grievance other than a person who has been designated as supervisory, managerial, or confidential;

   c. "UPTE-designated Employee Representative" means any employee covered by this contract who is a designated union representative of UPTE, in accordance with the provisions of Article 1 - Access, Section C.;

   d. "UPTE Representative" means any person who is a non-university employee designated by UPTE to act in the interest of or on behalf of UPTE;

   e. "The Parties" means the University and

      1) the "grievant(s)", when the grievant(s) is self-represented or is represented by an individual, as defined in Section A.4.b. above; or

      2) the "UPTE representative" or the "UPTE-designated employee representative" when the grievant(s) is represented by an individual, as defined in Section A.4.d. or Section A.4.c. above; or

      3) UPTE, when UPTE is itself the grievant.

   f. "witness" means any employee who is serving as a witness in a grievance proceeding; for the purposes of release time, said employee must be covered by this contract.

**B.   EMPLOYEE REPRESENTATION**

**A grievant shall have the right to be represented at all steps of the grievance procedure by an UPTE representative or an UPTE-designated employee representative, or any other one (1) person of the grievant's choice other than a University employee who has been designated as supervisory, managerial, or confidential.**

**C.   TIME LIMITS**

**1.   Other than the time limits for the initial filing of a grievance, the time limits as specified in this article may be extended by mutual agreement of the parties. Extensions must be confirmed in writing and must be signed by the parties in advance. The parties may mutually agree to skip any steps of the grievance procedure. Such an agreement must be confirmed in writing by both parties.**

**2.   Deadlines that fall on a day that is not a regular business day will automatically be extended to the next business day.**

**3.   If a grievance is not appealed to the next step of the procedure within applicable time limits, and an extension has not been agreed to in advance, the grievance will be considered resolved on the basis of the last University response to the grievance and shall be considered ineligible for further appeal.**

**4.   REQUEST THAT A GRIEVANCE BE PLACED IN ABEYANCE - Should the grievant and/or UPTE make a request that the grievance be placed in abeyance for any reason, the period of abeyance shall not exceed ninety (90) days, except in cases of sexual harassment where it shall be one-hundred-eighty (180) days. Failure by UPTE to reactivate the grievance within the ninety (90) day time limit (except in the case of sexual harassment where it shall be one-hundred-eighty (180) days) following agreement by the parties that it be held in abeyance will render the grievance ineligible for arbitration and the last preceding University written answer shall become final.**

**D.   GRIEVANTS WHO HAVE RESIGNED**

**Grievants who voluntarily resign or retire their employment with the University shall have their pending grievances immediately withdrawn and will not benefit by any subsequent settlement or disposition of any individual, union, or group grievance.**

However, if the group or union grievance is related to the implementation of a compensation provision negotiated in a UC/UPTE Agreement, the grievance may be continued if it has moved to Step 2 before the date of the employees' resignation or retirement. The foregoing provision shall not apply to LBNL.

E. **GRIEVANCE PROCEDURE - INFORMAL REVIEW**

Before commencing the formal grievance procedure, an individual employee, or group of employees, with or without their representative, may first attempt to resolve informally the grievance with the immediate supervisor.

F. **GRIEVANCE PROCEDURE - FORMAL REVIEW**

1. **Step 1:**

    a. All grievances (individual, group, or union) must be filed either by U.S. mail, hand delivery, or facsimile (consistent with Section A.3.c.3. above) and received by the Labor Relations Office at the campus/hospital/LBNL which employs the grievant(s) within thirty (30) calendar days after the date on which the employee or UPTE knew or could be expected to know of the event or action giving rise to the grievance. Informal attempts of settlement to resolve shall not extend time limits including the initial thirty (30) day filing limit.

    b. Grievances received after the filing deadline will be processed solely for the purposes of determining whether the grievance was untimely. Any formal grievance which is not received in accordance with Section F.1. or this section, shall be reviewed only in accordance with the review procedures in Section Q.

    c. University Review:

        1) The University's written response will be issued to the grievant and the representative, if any, within fifteen (15) calendar days after the formal grievance is filed. If the response is not issued within this time limit, or if the grievance is not resolved at Step 1, the grievance may proceed to Step 2.

        2)     Resolution of the grievance at Step 1 or earlier, although final, shall not be precedent-setting.

    d.     **Sexual Harassment Complaint Resolution Procedures:**

        1)     An employee alleging sexual harassment may elect to substitute a campus/hospital/LBNL Sexual Harassment Complaint Resolution Procedure for Step 1 of the Grievance Procedure. An employee who elects to use the Sexual Harassment Complaint Resolution Procedure may return to the grievance procedure only if they filed a grievance within the thirty (30) day time limit for filing. An employee who elects to resume the regular grievance procedure in place of the Sexual Harassment Complaint Resolution Procedure shall do so by sending written notice to the University. The University's Step 1 Grievance response will be issued within fifteen (15) calendar days after the notice is received by the designated University official. If the second step of the grievance is not invoked by the grievant or UPTE, the University will hold the grievance in abeyance for up to one-hundred-eighty (180) days.

        2)     Grievances that allege a violation involving sexual harassment may, at the grievant's option, enter the grievance procedure at Step 2.

        3)     If no report issues from the sexual harassment process or the employee elects to use the sexual harassment process and for any reason the grievance is in abeyance for more than one-hundred-eighty (180) days, the case will be considered withdrawn by the grievant, unless expressly confirmed in writing to be in abeyance. Any request for extension of the abeyance will be subject to new deadlines pursuant to this Section.

2.     **Step 2**

    a.     If the grievance is not resolved at Step 1, the grievant or the Union may proceed to Step 2 by filing a written appeal with the Labor Relations Office within fifteen (15)

        calendar days of the date the written response is issued or, if not issued, is due.

    b.     Unless the parties agree otherwise, the designated University local official shall convene a meeting with the grievant(s) and the grievant's representative, if any, to attempt to resolve the grievance. The meeting shall be convened no later than fifteen (15) calendar days following receipt of the appeal to Step 2. During the Step 2 meeting, the parties shall discuss information and contentions relative to the grievance.

    c.     During the Step 2 process, the parties may agree in writing to amend the alleged violations stated in the original grievance.

    d.     If requested by the grievant, a second UPTE representative may participate in the Step 2 meeting. In the event a second UPTE representative attends, only one representative may actively participate in the grievance meeting, and the University shall pay release time for only one representative.

    e.     If a grievance that alleges a violation of Article 7 - Corrective Action/Discipline and Dismissal only is not satisfactorily resolved at Step 2, UPTE may appeal directly to arbitration in accordance with Article 3 - Arbitration Procedure.

    f.     A written decision shall be issued within fifteen (15) calendar days following the Step 2 meeting, or receipt of the Step 2 appeal if it is agreed that no meeting will be held.

3.     Step 3

    a.     All grievances that are not satisfactorily resolved at Step 2 may be appealed to Step 3. The appeal must be filed with the Director of Labor Relations in the Office of the President within fifteen (15) calendar days of the date the University's Step 2 written answer was issued or, if no University answer was issued, within fifteen (15) calendar days of the date the University's answer was due.

    **b.**    **An appeal to Step 3 shall be accomplished as follows:**

        **1)**    **Delivery by U.S. Mail;**

        **2)**    **Personal Presentation with mutual acknowledgment from the person delivering the document(s) and the person accepting delivery of document(s) by signing and dating the document(s) and each of them retaining one of the signed and dated documents; or**

        **3)**    **Email to AppealAGrievance@ucop.edu.**

            **a)**    **Email submissions must include PDFs of all documents, information and signatures necessary to be in compliance with the Grievance Procedure provisions of this Agreement.**

            **b)**    **The 'date of filing' for emailed Appeals to Step 3 shall be the date received on the University server, provided that the appeal is received during business hours. If a Step 3 appeal is received outside of normal business hours, the first following business day will be deemed the filing date of the Appeal to Step 3.**

            **c)**    **The University shall acknowledge the Union's Appeal to Step 3 through a computer-generated, automatic email response.**

    **c.**    **The Step 3 appeal shall identify all unresolved issues, alleged violations and remedies and shall be signed and dated by the grievant or their representative. The subject of the grievance as stated at Step 2 shall constitute the sole and entire subject matter of the appeal to Step 3.**

    **d.**    **The Office of the President Office of Labor Relations official shall issue the University's written answer to a Step 3 appeal within thirty (30) calendar days of the**

            **receipt of the appeal. The answer will be issued to the grievant when self-represented, or to the employee's representative.**

      e.     **By mutual agreement between the University and UPTE, Step 3 may also be the first step in the Grievance Procedure when UPTE is filing a grievance on behalf of employees at more than one location. Such a grievance must be filed within 30 thirty (30) calendar days of the action that gave rise to the grievance and follow all other requirements of Section A.3 - Filing, above.**

    **4.**     **Appeals to Arbitration**

        **If an appeal to arbitration is not postmarked, hand delivered, or electronically filed within thirty (30) calendar days of the issuance of the University's Step 3 answer, Section C. of this Article shall apply.**

**G.**     **UNION GRIEVANCES**

**UPTE shall have the right to present grievances under this procedure on behalf of an individual employee, on behalf of a group of employees, or on behalf of itself. It shall be the Union's responsibility to inform an employee that it is bringing a grievance.**

**H.**     **GROUP GRIEVANCE**

**A group grievance is defined as a grievance that covers more than one employee, and that involves like circumstances and facts. A group grievance must be so identified on the grievance form at Step 1. If an employee wishes to withdraw from a group grievance represented by UPTE, the employee shall notify UPTE. UPTE shall in turn notify the University in writing if the employee is to be withdrawn.**

**I.**     **CONSOLIDATION OF GRIEVANCES**

**Grievances of two or more employees, as well as multiple grievances by or related to the same employee, or which relate to the same incident, issue, alleged violation, facts, or course of conduct, may be consolidated. Consolidation or severance of grievances shall occur by mutual written agreement.**

**J.**     **OFFERS OF SETTLEMENT**

**Settlement offers made at any stage of this procedure, including informal resolution, shall not be introduced as evidence in subsequent steps, and shall not be precedent setting.**

K. **RETROACTIVITY**

**Settlement of grievances may or may not be retroactive as equities of a particular case may demand. In any case where it is determined that the settlement shall be applied retroactively, except for the correction of mathematical, calculation, recording or accounting errors relating to the payment of wages, the maximum period of retroactivity allowed shall not in any case be made retroactive to a date earlier than thirty (30) calendar days prior to the initiation of the written grievance in Step 1.**

L. **EXCLUSIVE PROCEDURE**

**The Grievance Procedure set out in this Article shall be exclusive and shall replace any other grievance procedure for adjustment of any disputes arising from the alleged violation of this Agreement. Unless otherwise indicated within this Agreement, any previous grievance procedure or other procedure in existence or adopted by the University shall not apply to employees covered by this Agreement for any purposes whatsoever.**

M. **RELEASE TIME AND PAY STATUS FOR GRIEVANTS, EMPLOYEE REPRESENTATIVES AND/OR WITNESSES**

**University-Convened Meetings**

1. If the University convenes a meeting involving the parties to a grievance for the purposes of resolving the grievance and/or completing the steps of the Grievance Procedure, the grievant(s), witness(es), if any, and UPTE-designated employee representatives eligible to attend such meeting pursuant to this article and Article 1 – Access, Section C. shall be in without-loss-of-straight-time-pay status during the meeting provided:

    a. such meeting occurs during the regularly scheduled hours of work of the grievant(s), UPTE-designated employee representative, and/or witness(es); and

    b. advance request is made and approval is received from the supervisor of the grievant(s), the witness(es), and/or

    the UPTE-designated employee representative. Approval to attend shall be made on an operational needs basis and shall not be unreasonably denied.

  2. A grievant or the representative may request the availability of bargaining unit employee witnesses for University-convened grievance meetings. The availability of bargaining unit employee witnesses shall be determined by their immediate supervisor(s) on the basis of operational needs, and such requests shall not be denied unreasonably. Witnesses shall be in a without-loss-of-straight-time-pay status if the information they provide pertains to the subject of the grievance and the criteria enumerated above (Section M.1.a.1. and Section M.1.a.2.) are met. Grievants and UPTE agree that every effort shall be made to avoid the presentation of repetitive witnesses and the absence of any or all witnesses shall not require the meeting to be recessed or postponed.

  3. The University is not responsible for any travel or lodging expenses or any other expenses incurred by the representative, grievant or union witnesses.

  4. Paid release time for UPTE designated employee representatives for purposes other than University convened meetings shall be provided in accordance with Article 1 – Access.

N. **EXCLUSION OF LIMITED APPOINTMENT EMPLOYEES AND PROBATIONARY EMPLOYEES**

The retention or release of limited appointment employees and probationary employees, or the non-scheduling of per diem employees, if applicable, is at the sole discretion of the University, and shall not be subject to Article 10 – Grievance Procedure or Article 3 – Arbitration Procedure of this Agreement.

O. **OTHER REPRESENTATION**

Grievants may choose a representative other than an UPTE representative for purposes of grievance representation and adjustment. In the event the University is involved in the resolution of a grievance from a grievant or group of grievants who are self-represented or represented by someone other than an UPTE representative:

1. **The University shall provide UPTE with a copy of the grievance and the proposed resolution, indicating the grievant or grievants have chosen a representative other than UPTE.**
2. **UPTE shall have ten (10) calendar days from the date the University provides the material referenced above in which to comment in writing on the proposed resolution.**
3. **The University shall not implement the proposed resolution of the grievance until timely receipt and review of UPTE's written comments, if any.**
4. **The resolution of grievances presented by someone other than an UPTE representative shall be consistent with the terms of this Agreement.**

P. **GRIEVANCE FILE**

**Records involving the processing of an employee's grievance, such as the grievance form, step appeals/responses, and settlement documents, will be kept in a file separate from the employee's personnel file. It is not the intent of this section to exclude from the employee's personnel file final disciplinary action documents, including those that result from a settlement agreement.**

Q. **REVIEW OF GRIEVANCES CLOSED FOR PROCEDURAL DEFECTS**

**When the University determines a grievance is ineligible for further processing due to procedural defects, including but not limited to timeliness, UPTE may make a written appeal to the Office of the President Labor Relations, consistent with Section F.3.b. of this article, within thirty (30) days of the postmark of the notification to the grievant(s). This appeal is solely limited to a review of the procedural issue(s). If the Office of the President denies this appeal UPTE may appeal the issue of the closure of the grievance directly to arbitration per Article 3 - Arbitration, within thirty (30) calendar days of the issuance of the denial of the appeal.**