XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General
JERRY T. YEN
Deputy Attorney General
State Bar No. 247988
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7836
  Fax: (916) 324-8835
  E-mail: Jerry.Yen@doj.ca.gov
*Attorneys for Defendants Xavier Becerra, in his official capacity as California Attorney General, and Joshua Golka, in his official capacity as Executive Director of the California Public Employment Relations Board*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC WOLF,<br><br>                              Plaintiff,<br><br>v.<br><br>UNIVERSITY PROFESSIONAL & TECHNICAL EMPLOYEES, COMMUNICATIONS WORKERS OF AMERICA LOCAL 9119; ANNE SHAW, in her official capacity as Secretary and Chief of Staff to the Regents of the University of California; JOSHUA GOLKA, in his official capacity as Executive Director of the California Public Employment Relations Board; and XAVIER BECERRA, in his official capacity as Attorney General of California,<br><br>                              Defendants | Case No. 3:19-cv-02881-WHA<br><br>**DEFENDANTS ATTORNEY GENERAL XAVIER BECERRA AND JOSHUA GOLKA'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(1), 12(b)(6)]<br><br>Date:          September 26, 2019<br>Time:         8:00 a.m.<br>Courtroom:  12<br>Judge:        Hon. William Alsup<br>Trial Date:   Not Set<br>Action Filed: May 24, 2019 |

# INTRODUCTION

Because he was not a member of the union at the time he filed this suit, Plaintiff does not have standing to challenge the processes for collecting union dues and withdrawing from union membership or the California statute—California Government Code section 3583—related to those processes. Even if Plaintiff met the standing requirement (which he does not), his claims regarding deduction of union dues and the timing for withdrawing from union membership are now moot because union dues are no longer being deducted from his paycheck and he has already resigned from his union.

Plaintiff's constitutional challenges also fail as a matter of law. The amended complaint does not allege sufficient facts to draw a reasonable inference that the past deduction of union dues or the timing for withdrawing from the union originated from any state action. To the contrary, Plaintiff's claims concern his private contractual agreement with his union, and he cannot use the First Amendment or the Supreme Court's decision in *Janus v. AFSCME Council 31*, 138 S. Ct. 2448 (2018) to invalidate the terms of that agreement. Accordingly, Attorney General Becerra and Joshua Golka, in his official capacity as Executive Director of the California Public Employment Relations Board (collectively, "State Defendants") respectfully request that this Court grant their motion to dismiss with prejudice.

# DISCUSSION

## I. PLAINTIFF HAS NOT ALLEGED ANY INJURY SUFFICIENT TO ESTABLISH STANDING

While the amended complaint contains allegations concerning the deduction of union dues from Plaintiff's paycheck in the past (First Am. Compl. ¶¶ 24, 28, August 9, 2019, ECF No. 39), there are no allegations that those deductions continue to occur, or that they will occur in the future. To establish standing, Plaintiff must demonstrate, for declaratory relief, a "sufficient likelihood that he will be wronged in a similar way," *Canatella v. State of California*, 304 F.3d 843, 852 (9th Cir. 2002) (citation omitted), and, to challenge a law not presently being enforced against him, a "realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement," *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1154 (9th Cir. 2000) (citation omitted). As he resigned his union membership before even filing suit and has not indicated that he will be

1

rejoining his union, Plaintiff cannot show that he will be wronged or injured by the dues deduction process or the enforcement of California Government Code section 3583 related to withdrawing from a union. Thus, Plaintiff does not have standing to bring Counts I and II of the First Amended Complaint.

## II. PLAINTIFF'S CASE IS MOOT BECAUSE HE IS NO LONGER PAYING UNION DUES AND HE IS LONGER A UNION MEMBER

Plaintiff mooted his case when he resigned from his union and stopped paying union dues, all of which occurred before he filed suit. First Am. Compl. ¶ 20. Thus, Plaintiff no longer has (nor has he alleged) "a legally cognizable interest" in the constitutionality of union dues deduction or the process for withdrawing from the union. *See Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014).

Plaintiff argues that the State Defendants are attempting to "avoid judicial review." Plaintiff's Opp'n to State Defendants' Mot. at 6, September 6, 2019, ECF. No. 50 (Opp'n). This is not true. Plaintiff himself resolved any live controversy when he resigned from his union before filing suit. It is telling that Plaintiff does not even address the recent *Babb* decision discussed in the State Defendants' motion (State Defendants' Memorandum of Points and Authorities at 5, August 23, 2019, ECF No. 46 (State Defendants' Memo.)), where another district court dismissed a case under virtually identical circumstances. *Babb v. Cal. Teachers Ass'n*, 378 F. Supp. 3d 857, 886 (C.D. Cal. 2018) (finding case moot where plaintiff had already resigned from union)[1].

Instead, in an effort to keep his case from being dismissed, Plaintiff cites to cases where a defendant, not the plaintiff, attempted to moot the case. *See Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) ("a *defendant* cannot automatically moot a case") (emphasis added); *Fisk v. Inslee*, 759 F. App'x 632, 633 (9th Cir. 2019) ("[the union] and the State have stopped deducting dues

---

[1] *See also Smith v. Bieker*, No. 18-cv-05472-VC, 2019 WL 2476679, at *1 (N.D. Cal. June 13, 2019), *appeal docketed*, No. 19-16381 (9th Cir. July 12, 2019) (finding plaintiff's constitutional challenge to California statutes moot because dues were no longer being deducted); *Seager v. United Teachers Los Angeles*, No. 2:19-cv-00468-JLS-DFM, 2019 WL 3822001, at *2 (C.D. Cal. Aug. 14, 2019), *appeal docketed*, No. 19-55977 (9th Cir. Aug. 21, 2019) (dismissing claims for prospective relief as moot where the union already processed plaintiff's revocation of authorization for membership dues).

2

from Appellants"); *Knox v. Service Employees Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) ("the union sent out a notice offering a full refund to all class members, and the union then promptly moved for dismissal of the case on the ground of mootness."). Moreover, those cases (as well as the other case cited by Plaintiff—*Super Tire Eng'g Co. v. McCorkle*, 416 U.S. 115, 125 (1974))—involve facts not present in this case. The two cases involving union dues were class actions where there was a risk that the challenged conduct would resume against the class. *Fisk*, 759 Fed. Appx. at 633; *Knox*, 567 U.S. at 307. In the other cases, there was a risk that the challenged conduct could potentially resume against the plaintiff. *Already*, 568 U.S. at 91; *Super Tire*, 416 U.S. at 122 ("we must ponder ... whether ... the issues presented here [are] 'capable of repetition, yet evading review,' so that *petitioners* are adversely affected by government") (emphasis added). Here, as Plaintiff has resigned from the union, there is no risk that the challenged actions in Counts I and II of the First Amended Complaint—the process for deduction of union dues and withdrawing from the union—would resume against him.

### III. PLAINTIFF HAS NOT ALLEGED ANY STATE ACTION

Plaintiff acknowledges that he signed a membership authorization agreement—a private agreement between him and his union—that permitted the union to withhold membership dues from his paycheck. First Am. Compl. ¶ 13. As discussed in the State Defendants' motion, the State did not participate in the formation of that membership authorization agreement, and nothing in the challenged statute reflects that the State dictated or authorized the terms of that agreement. State Defendants' Memo. at 7-8. Yet, in his opposition, Plaintiff asserts, without citing any factual allegations or support, that "the state and the union sat down together and negotiated the contractual terms by which they would take members' dues, and the state carried out the union's instructions." Opp'n at 10. Even if it were true, this assertion does not establish the requisite state action given that the operative agreement in this case is the membership authorization agreement between Plaintiff and his union, which was agreed to without state intervention.

Plaintiff also asserts, again without citing any factual allegations or other support, that the union "invoked the aid of state officials to take advantage of a state labor statutory scheme to

3

withdraw its dues" and that using "the state payroll system to deduct dues ... is the very definition of state action." *Id.* at 9. In making these assertions, Plaintiff conveniently ignores the authorities recognizing that the State's ministerial function of processing dues deductions does not amount to state action. *See* State Defendants' Memo. at 8, 11 (citing several cases). Further, unlike the attachment procedures at issue in *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), on which Plaintiff relies (Opp'n at 9), the State did not create the dues deduction requirement. On the contrary, the State's role was limited to administering the dues deductions agreed to by Plaintiff and his union. If Plaintiff wants to dispute the terms of his membership authorization agreement, that is a matter between him and his union. Because Plaintiff has not alleged sufficient facts demonstrating that the State required him to join his union or required him to enter into an agreement containing terms governing dues deduction and the cancellation of membership, this Court cannot draw a reasonable inference that any state action caused Plaintiff's dues deductions.

Moreover, this Court should reject Plaintiff's argument that the State Defendants' position on state action requires overturning Supreme Court decisions on the subject. *See* Opp'n at 10. The decisions cited by Plaintiff are irrelevant to the issue here because they relate to the imposition of union dues and fees on *nonmembers*. *Knox* involved First Amendment requirements applicable to a special assessment or dues increase levied on nonmembers to meet union expenses. 567 U.S. at 302-03. *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292, 302-03 (1986), involved the procedural requirements that a union must meet to collect fees from nonmembers. Plaintiff, however, elected to join the union and authorized the deduction of membership dues from his paycheck. First Am. Compl. ¶ 13. *Knox* and *Hudson*, therefore, do not support a conclusion that Plaintiff has adequately alleged state action here. *See Cooley v. Cal. Statewide Law Enforcement Ass'n*, 385 F. Supp. 3d 1077, 1081-82 (E.D. Cal. 2019), *appeal docketed*, No. 19-16498 (9th Cir. Jul. 31, 2019) (concluding that the union's refusal to accept a member's resignation and cease fee deductions does not constitute state action).

IV. *JANUS* DOES NOT SUPPORT PLAINTIFF'S CONSTITUTIONAL CHALLENGES

Despite signing and agreeing to the terms of his membership authorization agreement with his union, Plaintiff now complains that he was entitled to immediately resign his union

4

membership and cease paying union dues. First Am. Compl. ¶¶ 33, 37. But, no such right exists, even after *Janus*. *See Cooley*, 385 F. Supp. 3d at 1079 ("*Janus* did not automatically undo [the] agreement to be a member of the Union").

Plaintiff goes on to argue that he could not have knowingly waived a constitutional right because he entered into the agreement with his union before the *Janus* decision. Opp'n, at 11. This argument is based on the erroneous understanding that the *Janus* decision somehow affects the rights of union members who voluntarily join the union. To the contrary, and as discussed in the State Defendants' motion, *Janus* addressed the payment of fees by *non-union* members; it did not address the rights of union members. State Defendants' Memo. at 2, 12; *see also Belgau v. Inslee*, No. 18-5620 RJB, 2018 WL 4931602, at *5 (W.D. Wash. Oct. 11, 2018) ("Plaintiffs' assertion that they didn't knowingly give up their First Amendment rights before *Janus* rings hollow. *Janus* says nothing about people [who] join a Union, agree to pay dues, and then later change their mind about paying union dues."). Thus, Plaintiff cannot use *Janus* to relieve him of his obligation to pay union dues. *See Smith v. Superior Court, County of Contra Costa*, Case No. 18-cv-05472-VC, 2018 WL 6072806, *1 (N.D. Cal. Nov. 16, 2018) ("*Janus* [does not] stand for the proposition that any union member can ... renege on his contractual obligations to pay dues").

# CONCLUSION

For the foregoing reasons, the Attorney General and Mr. Golka respectfully request that the Court grant their motion to dismiss Counts I and II of Plaintiff's First Amended Complaint without leave to amend.

Dated: September 13, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
ANTHONY R. HAKL
Supervising Deputy Attorney General

/s/ Jerry T. Yen
JERRY T. YEN
Deputy Attorney General
*Attorneys for Defendants Xavier Becerra, in his official capacity as California Attorney General, and Joshua Golka, in his official capacity as Executive Director of the California Public Employment Relations Board*

SA2019102769
14104747.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | Wolf, Isaac v. University Professional & Technical Employees, et al. | No. | 3:19-cv-02881 |

I hereby certify that on <u>September 13, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS ATTORNEY GENERAL XAVIER BECERRA AND JOSHUA GOLKA'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>September 13, 2019</u>, at Sacramento, California.

| | |
|---|---|
| Tracie L. Campbell | */s/ Tracie Campbell* |
| Declarant | Signature |

SA2019102769
14105508.docx