Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

Brian K. Kelsey (*Pro Hac Vice*)
bkelsey@libertyjusticecenter.org
Reilly Stephens (*Pro Hac Vice*)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaac Wolf,<br><br>                    Plaintiff,<br><br>v.<br><br>University Professional & Technical Employees, Communications Workers of America Local 9119 et al.,<br><br>                    Defendants. | Case No. 3:19-cv-02881-WHA<br><br><br>**PLAINTIFF'S REPSONSE TO THE ORDER TO SHOW CAUSE** |

Attorneys Brian K. Kelsey, Reilly Stephens, and Mark W. Bucher hereby file their response to this Court's Order of August 22, 2019 (Dkt. 44) to show cause why this case should not be dismissed for lack of prosecution due to their failure to appear for the Case Management Conference on August 22, 2019.

1.　On August 14, 2019, counsel for plaintiff met and conferred by phone with counsel for the Defendants, with the goal of submitting a Joint Case Management Statement by this Court's deadline of August 15, 2019.

2.　Counsel for all parties agreed that the manner by which to proceed would be to submit to this Court a stipulation and motion to continue the Case Management Conference until after the adjudication of the Defendants' pending Motions to Dismiss.

3.　Consistent with this agreement, on August 15, 2019, the parties submitted to this Court their Stipulations and Motion to Continue the Case Management Conference (Dkt. 41).

4.　Because of the unanimous agreement of the parties, counsel for Plaintiff assumed, in error, that the motion was likely to be granted and, therefore, did not make advanced preparations for appearance at the Case Management Conference.

5.　In particular, the entry made on counsel's internal deadlines calendar noted generally a possible hearing, not noting a particular time, and included a question mark, signifying uncertainty as to whether a hearing existed to attend to that day.

6.　On August 16, 2019, this Court issued an Order denying the parties' Motion to Continue (Dkt. 42).

7.　In adherence to this Court's order denying the motion, on August 19, 2019 Plaintiff's counsel drafted and circulated to Defense counsel a Case Management Statement, which the parties were able to come to agreement on and submit on August 20, 2019.

8.　While Plaintiff's counsel, therefore, took steps to provide this Court with the necessary statement for its consideration at the Case Management Conference, counsel neglected to update the internal scheduling calendar to reflect the fact that the hearing was

PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE

1 | going forward or to note at what time it was to be held and how to call in to the Court.

2 |        9.     In addition, Plaintiff's counsel relied on the hired services of a California

3 | paralegal for backup of calendared events and to receive notices from the Court for

4 | Attorney Mark W. Bucher; however, the paralegal left employment with her law firm

5 | shortly before the Case Management Conference.

6 |       10.    Due to this error in administration, Plaintiff's counsel failed to fulfill their

7 | responsibilities to the Court and failed to appear for the Case Management Conference.

8 |       11.    Plaintiff's counsel are truly sorry for their error and are sorely ashamed that

9 | their mistake did not show this Court the due respect that it deserves.

10 |       12.    Attorney Brian K. Kelsey has been admitted to the bar of the Supreme Court

11 | of Tennessee since 2003 and has never before missed a conference or hearing set by any

12 | court. In his sixteen years practicing law, he has never been subject to sanction or

13 | discipline by the bar of any court. He apologizes profusely to the Court for his error.

14 |       13.    Attorney Reilly Stephens has been admitted to the bar of the Court of

15 | Appeals of Maryland since December, 2017, and has not in that time been subject to

16 | sanction or discipline by the bar of any court. This is the first time he has failed to appear

17 | at a conference for one of his clients. He apologizes profusely to the Court for his error.

18 |       14.    Attorney Mark W. Bucher has been admitted to the bar of the Supreme Court

19 | of California since 2000 and has not in that time been subject to sanction or discipline by

20 | the bar of any court. This is the first time he has failed to appear at a conference for one of

21 | his clients. He apologizes profusely to the Court for his error.

22 |       15.    Plaintiff's counsel would like to inform the Court that they have taken

23 | affirmative steps to ensure that such a grave error never again occurs in the future. First,

24 | in California they have spoken with the California law firm that they had contracted with

25 | and have received assurance that the replacement paralegal will monitor court dockets as a

26 | backup for them.

27 |       16.    Second, in the home office of counsel *Pro Hac Vice* in Chicago, they hired

28 | their first paralegal to monitor case calendars as a backup just yesterday, after an

PLAINTIFF'S RESPONSE TO THE ORDER TO SHOW CAUSE

1    extensive search in part as a result of this error. They humbly ask that their *Pro Hac Vice*

2    status not be revoked.

3        17.    Plaintiff's counsel, however, admit that it was their own conduct in this

4    matter that did not meet the professional standards they strive for and that this Court

5    expects. They humbly ask this Court's grace in forgiving their error and that they not be

6    referred to the Court's Standing Committee on Professional Conduct.

7        18.    Plaintiff's counsel wish to emphasize that the failures identified by this Court

8    in its order to show cause were the fault of counsel and in no way the fault of Plaintiff,

9    Isaac Wolf. Counsel beseeches this Court not to deprive Mr. Wolf of a ruling in his case

10   on the basis of counsel's error.

11       The undersigned counsel declare under oath that the above described facts and

12   circumstances are a true and correct description of events.

13   Dated: September 19, 2019

14                                    Respectfully submitted,

15
                                     /s/ Mark W. Bucher
16                                   Mark W. Bucher
17                                   mark@calpolicycenter.org
                                     CA S.B.N. # 210474
18                                   Law Office of Mark W. Bucher
19                                   18002 Irvine Blvd., Suite 108
                                     Tustin, CA 92780-3321
20                                   Phone: 714-313-3706
21                                   Fax: 714-573-2297

22
                                     /s/ Brian K. Kelsey
23                                   Brian K. Kelsey (*Pro Hac Vice*)
                                     bkelsey@libertyjusticecenter.org
24                                   /s/ Reilly Stephens
25                                   Reilly Stephens (*Pro Hac Vice*)
                                     rstephens@libertyjusticecenter.org
26                                   Liberty Justice Center
27                                   190 South LaSalle Street
                                     Suite 1500
28                                   Chicago, Illinois 60603

Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*