Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

Brian K. Kelsey (Admitted *Pro Hac Vice*)
bkelsey@libertyjusticecenter.org
Reilly Stephens (Admitted *Pro Hac Vice*)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isaac Wolf,<br>　　　　　Plaintiff,<br><br>v.<br><br>University Professional & Technical Employees, Communications Workers of America Local 9119 et al.,<br><br>　　　　　Defendants. | Case No. 3:19-cv-02881-WHA<br><br>**JOINT REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: September 3, 2020<br>Time: 8:00 A.M.<br>Courtroom: 12<br>Judge: Hon. William Alsup<br><br>Action Filed: July 30, 2019 |

# INTRODUCTION

Plaintiff, Isaac Wolf, hereby submits this Joint Reply to Defendants' Responses in Opposition to his Motion for Summary Judgment. *See* Defendant UPTE's Response to Plaintiff's Motion for Summary Judgment (Dkt. 82) ("UPTE Opp."); Defendant Attorney General Xavier Becerra's Response to Plaintiff's Motion for Summary Judgment (Dkt. 81) ("AG Opp."); Defendant Janet Napolitano's Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 77) ("UC Opp."). Wolf has already presented his affirmative case and responded to many of Defendants' arguments. *See* Memorandum in Support of Plaintiff's Motion for Summary Judgment (Dkt. 78-1) ("Wolf Memo"); Plaintiff's Joint Response to Defendants' Motions for Summary Judgment (Dkt. 79) ("Wolf Opp."). This Joint Reply is limited to five pages, per Court Order (Dkts. 74 & 73).

# ARGUMENT

**I. UPTE admitted its intention to violate Wolf's rights under *Janus*.**

Defendants' responses recapitulate much of what they said in their own motions, but those arguments remain unconvincing. The fundamental story of this case remains simple: anticipating that the Supreme Court's decision in *Janus* would mean unions could no longer take money from employees against their will, UPTE devised a policy that would make it as difficult as possible for employees to exercise those rights. Because of this policy, Wolf was trapped in the union and had his money taken from his paycheck without valid consent. To prevent him from enforcing his First Amendment right, Defendants now try to argue various tacks—that this Court should ignore the admitted purpose of the policy at issue; that because of their gamesmanship, Wolf's claims must be dismissed as moot, shielding their policies from judicial scrutiny; that the actions of union and state officials, indistinguishable from the state officials in *Janus* itself, do not constitute state action; and that *Janus* does not apply to all public-sector workers like Wolf, in contravention of the clear statements of the opinion itself. Wolf submits that *Janus* does protect his right to withhold his affirmative consent at any time, and none of

these defenses overcome this First Amendment right.

UPTE avers that its motivation in adopting the window period is irrelevant, but in doing so, it fails to deny that it was motivated by an intention to avoid complying with the impending *Janus* decision. UPTE Opp. at 7-8. The union cannot deny this motivation because its president admitted to the motivation in her deposition. *See* Wolf Memo at 9 (quoting Deposition of Jamie McDole at 22 (Dkt. 78-2 Exh. A at 9)). When a defendant admits the union added a restriction to its membership application in an effort to avoid complying with a Supreme Court decision, that is certainly relevant to the question of whether the union's actions violated that very same Supreme Court decision.

UPTE cites to two statutes that allowed window agreements and states that motivation is irrelevant. UPTE Opp. at 8. But if a lawmaker had stated on the record that a statute was being enacted for the purpose of avoiding compliance with a Supreme Court decision, that would be relevant to call into question the constitutionality of the statute. That did not happen with the statutes cited by UPTE. The fact that window periods might be allowed in some instances does not mean they're constitutional in every instance. UPTE argues Wolf has no contrary authority, but Wolf cited multiple authorities for the proposition that perpetual window periods should be subjected to scrutiny and invalidated where they undermine employee rights. Wolf Memo at 11-13 (citing *Smith v. N.J. Educ. Ass'n*, No. 18-10381 (RMB/KMW), 2019 U.S. Dist. LEXIS 205960, at *19 (D.N.J. Nov. 27, 2019); *McCahon v. Pa. Tpk. Comm'n*, 491 F. Supp. 2d 522, 527 (M.D. Pa. 2007); *Debont v. City of Poway*, No. 98CV0502, 1998 WL 415844 (S.D. Cal. Apr. 14, 1998); *In re Petition of Office of Personnel Management*, 71 FLRA No. 571, 573 (Feb. 14, 2020)). Wolf submits that this Court should view the express goal of preventing employees from exercising their constitutional rights as relevant to the analysis of whether the agreement represented a good faith contractual bargain, worthy of being upheld by this Court.

**II.  Joint action between the Union and the state constitutes state action.**

Defendants continue to propose that unions working jointly with the state to take

money from the state-issued paycheck of a state employee does not constitute state action. UPTE Opp. at 14-15; UC Opp. at 4-7. Wolf submits that this Court should side with the Seventh Circuit and find state action in this case. *See* Wolf Opp. at 8 (quoting *Janus v. AFSCME, Council 31*, 942 F.3d 352, 361 (7th Cir. 2019)). Other district court opinions are in accord. Wolf has already pointed to the District of Hawaii. Wolf Opp. at 8-9 (quoting *Grossman v. Haw. Gov't Emples. Ass'n/AFSCME Local 152*, No. 18-cv-00493-DKW-RT, 2020 U.S. Dist. LEXIS 17866, at *17 n.10 (D. Haw. Jan. 31, 2020)). The Eastern District of California, likewise, found state action in a claim such as Wolf's:

> Because the state had to act for the deprivation to occur, defendants' argument that the deprivation resulted from decisions made by only the unions does not apply. In the union context, "actions taken pursuant to the organization's own internal governing rules and regulations are not state actions." *Hallinan v. Fraternal Order of Police of Chicago*, 570 F.3d 811, 817 (7th Cir. 2009) (finding that a union's decision to bar plaintiffs from membership was not state action). By contrast, where the union was "acting in concert . . . with the [state]" or "with powers delegated to it by the [state] or state law," the union's action is state action. *Id.*

*Hernandez v. AFSCME Cal.,* No. 2:18-CV-02419 WBS EFB, 2019 U.S. Dist. LEXIS 219379, at *16 (E.D. Cal. Dec. 19, 2019). The Middle District of Pennsylvania also recognized state action in circumstances such as Wolf's: "[P]rivate parties using a process established by state statute can be considered state actors for purposes of §1983." *Laspina v. SEIU Pa. State Council,* No. 3:18-2018, 2019 U.S. Dist. LEXIS 168917, at *21 (M.D. Pa. Sep. 30, 2019). The court in *Laspina* went on to find state action by the government employer, as well as the union: Her employer "forced her to pay money to [the union] based on the stated policy that was 'imposed under color of state law because it was explicitly authorized by [the state's] statutes.'" *Id*. Napolitano argues that the University's role is merely "ministerial" and, therefore, she is not accountable. UC Opp. at 5. But as Wolf has explained, *Janus* placed an affirmative duty on employers not to violate employees' rights. Wolf Opp. at 10. The Central District of California has already rejected this argument from the University of California, and Wolf submits this Court should

follow that holding:

> The state enforces California Government Code §§ 3513(i) and 3583, which permit the Union to set a time limitation for when notice must be given pursuant to the terms of the Union's collective bargaining agreement. The Court finds that this qualifies as "joint action," because the state is facilitating the allegedly unconstitutional conduct Plaintiffs complain of "through [the state's] involvement with a private party."

*O'Callaghan v. Regents of the Univ. of Cal.*, No. CV 19-2289 JVS (DFMx), 2019 U.S. Dist. LEXIS 208392, at *14-15 (C.D. Cal. Sep. 30, 2019) (quoting *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 996 (9th Cir. 2013).

**III.  If Wolf is awarded damages, Cal. Gov't Code § 3583 must be unconstitutional.**

Regarding the constitutionality of Cal. Gov't Code § 3583, Wolf concedes that, in his Motion for Summary Judgment, he is no longer asking for prospective relief regarding whether the statute is constitutional, as he had in his First Amended Complaint (Dkt. 39, Count II). Instead, Wolf has collapsed the three counts into one: "Forcing Wolf to pay union fees after he withdrew his consent violated his right not to pay them under *Janus*, and UPTE admitted its intention to violation this right." (Wolf Memo at 8.) However, the relief sought in his Motion for Summary Judgment for both damages against UPTE and a declaration that taking union fees from him after he withdrew his consent was an unconstitutional violation of his First Amendment rights under *Janus* necessarily requires the Court also to declare whether Cal. Gov't Code § 3583 was constitutional as applied to him. If the taking of union fees from Wolf by UPTE and Napolitano after he had withdrawn his consent was unconstitutional because it required him to wait until a yearly opt-out period, then a statute which requires opt-out periods to occur even less frequently must also be unconstitutional by logic. As he put it in his Motion for Summary Judgment, "Wolf . . . joined the Attorney General in this action as a necessary party" because his claim necessarily calls "into question the constitutionality of the statutes of the State of California pursuant to which his money was taken, including Cal. Gov't Code §§ 1157.12, 3513(i), 3515, 3515.5, and 3583." Wolf Memo at 5 n.2.

In addition, as stated by the *O'Callaghan* court above, following the minimum requirements of Cal. Gov't Code § 3583 regarding opt-out windows is part of what makes UPTE's actions constitute state action. It also makes Napolitano's actions more than ministerial. Therefore, all three Defendants are liable.

### IV.  *Janus* gives rights to all public workers.

The Defendants continue to assert that *Janus* is limited to the rights of agency-fee payers. UPTE Opp. at 6; AG Opp. at 2; UC. Opp. at 7. As Wolf has already explained, this is a fundamental misunderstanding of the *Janus* decision. *See* Wolf Memo at 15; Wolf Opp. at 12. Claiming that *Janus* applies only to nonmembers is like saying California's standards for admission to the bar apply only to nonlawyers. Rather, those rules establish what is required to *become* a lawyer. Likewise, *Janus* establishes what is required to become a union member. Defendants must produce clear and compelling evidence of a voluntary, knowing, and intelligent waiver of First Amendment rights. If they cannot do so, as in this case, then taking an employee's money is unconstitutional.

### CONCLUSION

Because UPTE admitted its intention to violate Wolf's First Amendment right under the *Janus* decision, he is entitled to a refund of union fees taken from him after he withdrew his consent on July 2, 2018.  He is also entitled to a declaration that such action was an unconstitutional violation of his First Amendment rights under *Janus*.

| | |
|---|---|
| Respectfully submitted, | Dated: August 21, 2020 |
| /s/ Brian K. Kelsey | Mark W. Bucher |
| Brian K. Kelsey (*Pro Hac Vice*) | mark@calpolicycenter.org |
| bkelsey@libertyjusticecenter.org | CA S.B.N. # 210474 |
| Reilly Stephens (*Pro Hac Vice*) | Law Office of Mark W. Bucher |
| rstephens@libertyjusticecenter.org | 18002 Irvine Blvd., Suite 108 |
| Liberty Justice Center | Tustin, CA 92780-3321 |
| 190 South LaSalle Street, Suite 1500 | Phone: 714-313-3706 |
| Chicago, Illinois 60603 | Fax: 714-573-2297 |
| Phone: 312-263-7668 | |
| Fax: 312-263-7702 | *Attorneys for Plaintiff* |