Arthur Liou (SBN 252690)
Julia Lum (SBN 310291)
Danica Li (SBN 308650)
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
aliou@leonardcarder.com
jlum@leonardcarder.com
dli@leonardcarder.com

Attorneys for Defendant
UPTE-CWA Local 9119

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC WOLF,<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY PROFESSIONAL & TECHNICAL EMPLOYEES, COMMUNICATIONS WORKERS OF AMERICA LOCAL 9119; MICHAEL V. DRAKE, in his official capacity as President of the University of California; JOSHUA GOLKA, in his official capacity as Executive Director of the California Public Employment Relations Board; and XAVIER BECERRA, in his official capacity as Attorney General of California,<br><br>    Defendants. | Case No. 3:19-cv-02881-WHA<br><br>**DEFENDANT UPTE'S RESPONSE TO ORDER REQUESTING INFORMATION**<br><br>Date: September 17, 2020<br>Time: 8:00am<br>Courtroom: 12<br>Judge: Hon. William Alsup<br><br>Action Filed: May 24, 2019 |

---

DEF. UPTE'S RESPONSE TO ORDER REQUESTING INFORMATION

LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

**If Wolf had chosen to remain a nonmember, would he have been required to nevertheless to pay agency fees?**

Yes, at the time that Wolf elected to become a member, he would have been required to pay agency fees if he had instead chosen to stay a nonmember under California Government Code section 3583.5(a). After *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018), agency fees would not have been required, because once the Supreme Court changed the law to declare agency fees unconstitutional, UPTE directed the University of California to stop collecting agency fees from nonmembers.

In *Abood v. Detroit Bd. of Ed.*, 431 U.S. 209 (1977), the Supreme Court held that laws requiring public employees to pay "agency fees" as a condition of employment were constitutional, in part because of the need to counteract "free riders" who might benefit from union representation while refusing to pay for the costs of collective bargaining. *Id.* at 221-23. California law required University of California employees to pay agency fees to cover the costs of negotiating collective bargaining agreements, contract administration, and other representation services unions are required to provide to all represented employees, both members and nonmembers. Cal. Gov't Code § 3583.5(a) (West 2020). Thus, when Wolf voluntarily signed his UPTE membership agreement in April 2018, under longstanding law, he would have been required to pay agency fees. *See Danielson v. Inslee*, 945 F.3d 1096, 1097 (9th Cir. 2019) (discussing that "[f]or over 40 years, public sector unions around the country relied on . . . *Abood*" and recognizing that state laws and regulations "further entrenched the union agency shop into the local legal framework").

On June 27, 2018, the Supreme Court issued its decision in *Janus*, reversing *Abood* and declaring compulsory agency fees for public sector workers unconstitutional. *Janus*, 138 S. Ct. 2448; *Danielson*, 945 F.3d at 1098 (characterizing *Janus* as "reversing course on the constitutionality of the traditional agency shop regime"); *see also Crockett v. NEA-Alaska*, 367 F. Supp. 3d 996 (D. Alaska 2019) (holding that plaintiffs could not "seek to claw back money paid in exchange for already-provided contractual benefits . . . based on later changes in the law," i.e., the reversal of *Abood*); *Grossman v. Hawaii Gov't Employees Ass'n*, No. 18-CV-00493-DKW-RT, 2020 WL 515816, at *6 (D. Haw. Jan. 31, 2020) (good faith defense applied in case seeking pre-

*Janus* dues because *Abood* authorized agency fees from nonmember public sector employees, and "a private party is not expected to anticipate changes in constitutional law").

Immediately after *Janus*, UPTE stopped collecting mandatory fees from nonmembers who had not signed authorization cards. UPTE directed the University to stop making agency fee deductions for nonmembers, and the University did so. Because Wolf was an UPTE member, deductions from his pay were unaffected by *Janus*. The membership authorization he voluntarily signed expressly provided that he agreed to pay a voluntary service fee even if he resigned his union membership and even if "the law no longer require[d] nonmembers to pay a fair share fee," until the deductions were cancelled during the relevant annual window period. *See* Declaration of Jamie McDole in Support of Motion for Summary Judgment, ECF No. 76-3, at ¶ 5, Ex. A.

As the Supreme Court has held, a contract to waive constitutional rights "made in the light of the then applicable law" is a "knowing" agreement and "does not become vulnerable because later judicial decisions indicate that the [decision to enter the agreement] rested on a faulty premise." *Brady v. United States,* 397 U.S. 742, 748, 757 (1970) (enforcing plea agreement where individual alleged death penalty statute, later found unconstitutional, induced his decision to plead guilty); *see also Smith v. Superior Court, Cty. of Contra Costa*, No. 18-CV-05472-VC, 2018 WL 6072806 (N.D. Cal. Nov. 16, 2018) (rejecting reading of "*Janus* to stand for the proposition that any union member can change his mind at the drop of a hat, invoke the First Amendment, and renege on his contractual obligation to pay dues"). In this case, Wolf not only voluntarily signed the membership agreement after reviewing and understanding its terms, but also affirmatively agreed to pay even if the law on agency fees changed.

|  | Respectfully submitted, |
|---|---|
| DATED: September 16, 2020 | LEONARD CARDER, LLP |
|  | By: /s/ *Julia Lum* |
|  | Arthur Liou |
|  | Julia Lum |
|  | Danica Li |
|  | Attorneys for Defendant |
|  | UPTE-CWA Local 9119 |

2

DEF. UPTE'S RESPONSE TO ORDER REQUESTING INFORMATION